## RYAN v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Darke Co

No 589.   Decided April 30, 1941

S. E. Mote, Greenville, for plaintiff-appellant.

Thomas J. Herbert, Attorney General, Columbus; Thomas F. Joseph, Asst. Attorney General, Martins Ferry; E. P. Felker, Asst. Attorney General, Columbus, for defendant-appellee.

## OPINION

By GEIGER, PJ.

This matter is before this Court on appeal on questions of law from a judgment of the Court of Common Pleas in favor of the defendant upon a verdict of a jury deciding the issues in favor of the defendant, The Industrial Commission of Ohio.

The petition alleges that the plaintiff was employed by the Riggs Tailoring Company which was insured by the Industrial Commission; that on the 23rd day of December, 1935, "while working for the Riggs Tailoring Company in Greenville, Ohio, and while in the course of her employment (she) slipped and fell on the steps leading to their shop or factory and fell down said steps injurying her spine and back", etc. She states that she made application to the Commission to be compensated and that the Commission disallowed her claim; that she thereupon made application for rehearing and that her application was again disallowed for the reason that the claimant was not acting within the scope of her employment with the employer when she sustained the injuries nor is her present alleged disability due to any such accident. She prays judgment against the Commission and for an order that she be entitled to participate in the insurance fund.

The Commission answered admitting certain formal statements and denying all other allegations.

The cause was tried to a jury which found in favor of the Commission.

A motion for new trial was made setting out the fact that the verdict was against the evidence and that there was error in the charge of the Court and the ruling of the Court in submitting special interrogatories. This motion was overruled.

The assignment of errors in this Court is substantially the same as the errors complained of in the motion for new trial, being more specifically, (1) and (2) That the Court erred in charging the jury as requested by defendant (3) That the Court erred in refusing the special charge offered by the plaintiff and (4) That the charge was erroneous in other particulars.

There is no difference in statement of counsel as to the essential facts in the case. It appears that upon the day in question the claimant, during a mid-morning lull in the work, started to go to a nearby restaurant to get sandwiches and refreshments. There was ice on the only steps leading to and from the part of the building where the women were working and as she stepped out she slipped and fell, injuring herself as claimed. She did not make complaint of the injury for several months because she thought it was trifling and she would soon recover. Upon the application being made and the evidence heard by the Commission, it was decided as above indicated.

We might refer a little more definitely to the testimony of the claimant in reference to the circumstances leading to her injuries. She was engaged by the Riggs Tailoring Company, whose business was that of tailoring, they employing 35 or 40 employees. On the day in question, she was going down to the restaurant to get sandwiches, the restaurant being about a square from the shop. As she started some of the girls wanted lunch and she agreed to get some for them. She wasn't then working. She was not going home at the time but intended to return. The stairs upon which she descended from the workroom led to the yard and sidewalk, all on the property of the factory. This was the entrance used by the employees. After the fall she went to the restaurant and on taking off her coat discovered that her hand and arm was black from bumping on the stairs. As a result of the fall, she had a back injury and has been sick ever since.

The cross-examination of the claimant taken before the Commission indicated that she had worked for the same employer on former occasions having quit at one time and returned. The cross-examination did not materially change her testimony.

The other evidence as to what she was doing and how the accident oc-

curred does not show any essential difference.

On the completion of plaintiff's testimony, the defendant moved the Court to instruct the jury to return a verdict for the Commission for the reason that the evidence offered is not sufficient to warrant the relief prayed for; that the plaintiff was not acting in the interests of her employer nor in the performance of any required duty either directly or indirectly in behalf of her employer. The motion was overruled.

The State's testimony was largely medical.

Before the general charge, the Court gave two charges at the request of the defendant, both of which were objected to by the plaintiff. The first charge was to the effect that unless you find from a preponderance of all the evidence that plaintiff at the time and place of her alleged injuries "was in the performance of some required act done directly or indirectly in the service of her employer, then your verdict must be for the Industrial Commission."

The second special charge given was to the effect that even if you find that "plaintiff received an injury upon the premises of the employer and that such injury was received during the time for which plaintiff was being paid, these facts in and of themselves would not be sufficient to entitle plaintiff to participate in the compensation fund."

The plaintiff offered a special charge to be given before argument which was refused. The charge was to the effect that you are instructed that if you find by a preponderance of the evidence that the plaintiff at the time of her injury was temporarily leaving her place of work to obtain refreshments and that her employer did not object to such temporary absence for such purpose, **then such activity would not be considered in law as outside of her employment.**

In the general charge, the pertinent part was to the effect that if you find the plaintiff has established that she was injured as complained of, then you will proceed to consider whether or not at that time she was acting within the scope of her employment. "A person is said to be acting within the scope of employment when such person is engaged in the performance of some required act done directly or incidentally in the service of the employer. The procuring of food or other refreshments by an employee, which is not forbidden by the employer, the procuring of which during working hours is reasonably necessary to the health and comfort of the employee, may be considered by you as an incident of employment and the service therein." If you conclude that the plaintiff was injured as alleged and if at the time of the injury she was engaged in the procurement of food or other refreshments and further find that the procurement of the same was reasonably necessary to the health and comfort of the employees, it may be considered by you as to whether or not such act was incidental to the act of service to be rendered to the employer in the case.

The giving of the special charges on behalf of the State and the refusal to give the special charge requested by the plaintiff and the general charge itself are criticized by the plaintiff and are alleged to be erroneous and prejudicial to the plaintiff.

Without entering into a critical examination of the charges and their wording as they relate to the claim, we will examine what the Supreme Court has said on matters similar to this. The statutes touching upon the question are §1465-60 et seq. Touching the question at issue we note the following cases.

**Fassig v The State, 95 Oh St 232, 5th** syllabus, is to the effect that the provisions of the Constitution and the statute in reference to an injury received in the course of employment refer only to an injury which is the result of or arises out of the employment. "Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employee may at the time,

have been engaged in the work of his employer in the usual way." Johnson, J., delivering the opinion of the Court, on page 247 et seq. elaborates upon the principles embodied in the 5th syllabus, citing many cases.

**Industrial Commission v Weigandt, 102 Oh St 1,** third syllabus.

"The provisions of the law do not cover an injury which had its cause outside of and disconnected with the business in which the injured workman was employed." (Fassig v State ex rel, 95 Oh St 232, approved and followed).

**Commission v Davidson, 118 Oh St 180,** Syllabi 2 and 3:

"(2) The employee is in the course of his employment while he is performing the obligation of his contract of employment."

"(3) An accident incident to or the result of an act done while in the course of his employment, which act is appropriate and helpful to the accomplishment of the purpose of his employment, is a hazard of such employment."

**Commission v Ahern, 119 Oh St 41.** This is a case in which the facts are much like those in the case at bar. It involves an injury to an employee of the Pogue Company who left the place of her employment and with the permission and solicitation of the store, visited another portion thereof to make private purchases, upon which expedition she was injured. The Court there held that no custom adopted by an employer "will be permitted to place an employee in his employment if no employment in fact existed at the time of the injury or if such custom materially changes the ordinary and commonly accepted meaning of the phrase 'in the course of employment.'" Under the Constitution and the law enacted "the phrase 'in the course of employment' connotes an injury sustained in the performance of some required duty done directly or incidentally in the service of the employer."

Syllabus 3:

"An employee who is injured when engaged not in the service of an employer but in pursuance of the employee's private and personal business disconnected with the employment is not entitled to compensation under the Workman's Compensation Law."

**Industrial Commission v Bateman, 126 Oh St 279.** The second syllabus is to the effect that "in order to avail himself of the provisions of the compensation law, the injury sustained must have been 'occasioned in the course of' his employment. Such injury must be connected with the operation of the employer's business, either on the premises or within its immediate environment or if the injuries are sustained elsewhere, the employee acting within the scope of his employment must at the time of his injury have been engaged in the promotion of his employer's business and in furtherance of his affairs." Jones, J., delivering the opinion of the Court discusses the Constitutional and statutory provisions on page 283 et seq., citing cases.

Plaintiff relies upon the case of **Taylor v Industrial Commission, 13 Oh Ap 262** by the Court of Appeals of the First Judicial District. The second syllabus is to the effect (emphasis ours):

"where a workman does such things as are usually and reasonably incidental to the work of the employer, including taking refreshments, rest and smoke, which are not forbidden by the employer, and in so doing is injured, **it cannot be said as a matter of law that the injury was received outside the course of his employment.**"

The Court in this case overruled a motion for judgment, which would necessarily imply that the fact that the lady slipped upon the ice while going to seek refreshment would not bar her from compensation as a matter of law. To the contrary, the Court in this case

submitted to the jury the following special interrogatory,

"Was the plaintiff in going down the stairway of the employer herein, and to obtain food for fellow workers acting for her employer or engaged in the service of her employer?"

The answer to this interrogatory was "No".

The employer had provided a place where some 30 or 40 employees engaged in the tailoring industry and presumably using machines, gathered for that purpose and during a mid-morning lull the claimant made it known that she was going to the restaurant to obtain sandwiches. Thereupon her fellow employees, to the number of 5 or 6, requested her to bring to them the refreshments which she was seeking. She thereupon, in pursuance of said private purpose and disconnected entirely with the duties of her employment, stepped out onto the steps upon which ice had accumulated and as a result thereof fell from the top step to the bottom presumably injuring herself as claimed. We think that her case clearly comes within the cases we have enumerated which deny to the employee compensation under the conditions disclosed. This Court has had occasion to pass on a number of similar cases.

In our judgment there was no error in the refusal of the Court to charge as requested by the plaintiff, nor any prejudicial error in the charges given on request of the State. It may be possible that the Court overstated the case in favor of the claimant in the general charge from which we have quoted, but, of course, no complaint can be made by the defendant on this point.

Judgment affirmed.

BARNES and HORNBECK, JJ., concur.