COLLIER, APPELLEE, *v.* THE B. F. GOODRICH CO., APPELLANT.

(No. 4138—Decided December 27, 1950.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellee.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellant.

HUNSICKER, J.   This is an appeal on questions of law from a judgment for the appellee herein, Leonora M. Collier, wherein she was awarded the right to participate in the workmen's compensation fund by reason of the death of her husband, John C. Collier, who was an employee of appellant, The B. F. Goodrich Company, herein called Company, a self-insurer under the terms of the Workmen's Compensation Act.

John C. Collier, the deceased, was employed at what is known as the Miller Division of The B. F. Goodrich Company.   The Miller division occupies nearly an entire city block; the only part of such city block not owned and used by the Company is a small portion of the northeast corner, and the right of way of the Akron-Barberton Belt Line Railroad.

This railroad intersects the city block on which the Company plant is located, from the northeast corner thereof diagonally toward the southwest. Many of the employees enter the Company property at the northeast corner by walking along the railroad right of way. This means of entrance has been used for a number of years, because it is a shorter route for those who park their automobiles in the private parking grounds on the east side of the street across from the Company building. There are entrances provided by the Company for its employees on the south side and the west side of its factory.

On August 17, 1945, John C. Collier, the deceased husband of the plaintiff-claimant, parked his motor vehicle in one of the private parking lots on the east side of the street across from the Company. Collier walked to the railroad right of way and proceeded along the side of the tracks adjacent to the Company property. He then started to cross these tracks, and, in doing so, was struck and killed by a locomotive of the Akron-Barberton Belt Line Railroad.

The Company did not own the railroad right of way, nor did it control the operation of trains over such right of way. The railroad company did, however, serve, in its course of business, the defendant (appellant) Company.

Application was made by Leonora M. Collier, wife of the decedent, to participate in the Workmen's Compensation fund. This claim was denied by the Industrial Commission. On appeal to the Common Pleas Court, a verdict in favor of Leonora M. Collier was returned, and, from the judgment rendered thereon, an appeal on questions of law is before this court.

The Company claims (1) the trial court "erred in refusing to enter final judgment for defendant-appellant"; (2) the trial court "erred in overruling the motion of defendant-appellant for a new trial be-

cause, (a) of error in the general charge to the jury, and (b) the verdict of the jury and judgment of the court are not sustained by sufficient evidence and are contrary to law.''

The question, determinative of this appeal, is: Was decedent's death the result of an injury received in the course of and arising out of his employment?

Ohio has adopted a liberal interpretation of the Workmen's Compensation Act in furtherance of the legislative requirement ''to carry out justly the spirit of this act * * *.'' Section 1465-91, General Code; *Bowling* v. *Industrial Commission,* 145 Ohio St., 23, 60 N. E. (2d), 479.

A review of the Ohio cases discloses that recently the term ''zone of employment'' is used as indicating an area near the place of employment where the hazards confronting the employee are greater than that which the nonemployee faces in his ordinary pursuits. If any employee is injured in such ''zone of employment,'' the injured workman is permitted to participate in the compensation fund. *Sebek* v. *Cleveland Graphite Bronze Co.,* 148 Ohio St., 693, 76 N. E. (2d), 892.

We have found no Ohio case which has allowed an employee to participate in the compensation fund, where such employee, having ingress to the employer's property provided by such employer, enters the property of his employer by trespassing upon another's property at a more convenient place for the employee, and while so trespassing sustains an injury resulting in the death of such employee. In the instant case, Collier, the decedent, was entering the Company property at a place convenient for himself, by trespassing on the railroad right of way. This mode of entering the Company property had been used by the workmen for many years, although entrances where no tres-

passing was necessary were provided for such workmen by the Company.

We are not unfamiliar with the pronouncement of the Supreme Court of the United States in the case of *Bountiful Brick Co.* v. *Giles,* 276 U. S., 154, 72 L. Ed., 507, 48 S. Ct., 221, but the Supreme Court of Ohio, although adopting the view that the hazards of employment do begin before the employee has reached his place of employment, has not permitted a right of recovery under facts similar to those which confront this court in the instant case.

The instant case is readily distinguishable from the pronouncements made in *Industrial Commission* v. *Barber,* 117 Ohio St., 373, 159 N. E., 363: *Industrial Commission* v. *Henry,* 124 Ohio St., 616, 180 N. E., 194; *Kasari* v. *Industrial Commission,* 125 Ohio St., 410, 181 N. E., 809, 82 A. L. R., 1040, and the later cases following the doctrines therein announced.

We therefore determine as a matter of law that the injury and resulting death of John C. Collier did not arise in the course of his employment. The trial court committed error prejudicial to the substantial rights of the defendant Company in refusing to enter final judgment in its favor.

The judgment of the Common Pleas Court is reversed, and final judgment is rendered for the appellant.

*Judgment reversed.*

STEVENS, P. J., and DOYLE, J., concur.