**COSTON, Plaintiff-Appellant, v. CARNEGIE-ILLINOIS STEEL CORPORATION, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3518.   Decided September 30, 1952.

Traxler & Beil, Youngstown. for plaintiff-appellant.
Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellee.

## OPINION

By GRIFFITH, J.

The plaintiff-appellant was an employee of the Carnegie-Illinois Steel Corporation and on October 10, 1947, he purchased a piece of pie from a Factory Stores restaurant located on the premises of the defendant. That while eating said pie he sustained internal injuries from glass which was in the pie. The restaurant was operated by the Factory Stores and the defendant did not participate in the operation or management of the restaurant. There was no rule or regulation that compelled employees of the defendant to patronize the restaurant. The defendant-appellee provided the restaurant for the benefit of the employees and it was permissible for the employees to patronize said restaurant and the same was encouraged by the defendant-appellee. The plaintiff-appellant was not furnished his meals as part of his contract of hire nor were his meals furnished to him at the restaurant at a discount. The facts further show that the plaintiff-appellant has no specific time off for his meals.

Jury was waived and cause tried by court. The common pleas court held that the record did not show that plaintiff's disability was the result of an injury sustained in the course of or arising out of his employment.

Plaintiff has appealed to this court on questions of law.

In the case of **Sebek v. Cleveland Graphite Bronze Co., 148 Oh St 693 (1947)**, the supreme court at **page 697** said:—

"Accordingly, an injury occurs in the course of and arises out of the employment, within the meaning of the Workmen's Compensation Act, if such injury followed as a natural incident of the work and as a result of exposure occasioned by the nature, conditions or surroundings of the employment."

The rule laid down in the case of In re: Employers' Liability Assur. Corporation, Limited, In re: McNicol et al, In re: Patterson, Wilde & Co., 215 Massachusetts 497 (102 N. E., 697), is:—

"An injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which can-

not fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

The Ohio Supreme Court has approved this rule in the case of **Walborn v. The General Fireproofing Co., 147 Oh St 507,** 72 N. E. (2nd) 95.

We do not believe that the facts in the instant case satisfy this rule nor conform to its essential requirements. Plaintiff's employment can not be said to be a contributing proximate cause of his injury. His injury can not be said to have followed as a natural incident to the work and to have been contemplated by a reasonable person familiar with the whole situation.

In the case of **McNees v. The Cincinnati Street Railway Co., 152 Oh St 269,** the court says:—

"Furthermore, majority opinions of this court have quoted, in support of their conclusions, the statement of Chief Justice Rugg in McNicol's case, 215 Mass., 497, 102 N. E., 697, L. R. A. 1916A, 306, that 'an injury which can not fairly be traced to the employment as a contributing proximate cause' is excluded from being one which 'arises out of' the employment. * * *

"This court has also indicated that an injury to be compensable must be 'caused * * * in substantial part by the hazard of the employment' (**Industrial Commission v. Hampton, 123 Oh St 500, paragraph 3** of the syllabus, 176 N. E., 74); and three of the present members of this court concurred in a dissenting opinion stating that an injury will not be compensable when it 'cannot fairly be traced to the employment as a substantial contributing cause.' **Outland v. Industrial Commission, 136 Oh St 488, 494, 26 N. E. (2d), 760.**"

Plaintiff's injury was not received in the course of or arising out of his employment with the Carnegie Illinois Steel Corporation, and accordingly judgment of the court of common pleas is affirmed.

Judgment affirmed.

PHILLIPS, J, concurs in the judgment.
NICHOLS, PJ, dissents.