CLITES, Plaintiff, v. YOUNG, Admr. BUREAU OF WORKMEN'S COMPENSATION et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 701646.   Decided November 23, 1960.

*Messrs. Fleck & Fleck*, by *Mr. George A. Nelson*, for plaintiff.

*Messrs. Jones, Day, Cockley & Reavis*, for defendant General Motors Corp.

(AMMER, J., of Pickaway County, sitting by assignment.)

AMMER, J. This is an action on appeal by the plaintiff from a decision of the Cleveland Regional Board of The Bureau of Workmen's Compensation which denied the claimant the right to participate in the Workmen's Compensation Act of Ohio. This matter was submitted to the Court, the jury being waived, and all facts having been stipulated.

The evidence discloses that the plaintiff, on August 9, 1956, was employed by the defendant company as a machine operator in its plant located on the west side of Stumpf Road in Parma, Ohio. On that date the plaintiff began work at 3:30 P. M., and was scheduled to work until midnight with a lunch period from 7:30 P. M. to 8:00 P. M. On that date the plaintiff, prior to starting work, parked his automobile in a parking lot of the employer at the rear of the plant which lot is located on the east side of Stumpf Road across from employer's plant. At 7:30 P. M., the plaintiff began his lunch period and left his machine proceeding out of the plant to the south gate, to the east parking lot with the intention of there eating his lunch. When he arrived at the sidewalk on the east side of Stumpf Road he decided to go to the rear of the lot and move his car

up to the front row so that he could listen to the radio while eating his lunch. He thereupon proceeded approximately 30 to 40 feet in a northerly direction on the sidewalk at which point he turned and walked in an easterly direction. He crossed the tree-lawn and upon reaching a cable fence approximately 2-½ feet high, which separated the tree-lawn from the defendant's parking lot, he attempted to jump over the fence and as a result of which he caught one of his feet on the fence and fell to the ground sustaining certain injuries as described in the petition.

On said date the plaintiff was free to spend his lunch period in any way he desired with exception that the defendant employer had a shop rule forbidding its employees from eating in the plant except at one of the cafeterias located therein. On said date the employer did have knowledge of and condoned the practice of some of its employees eating in one of its parking lots.

The sole issue before the Court is whether or not the plaintiff sustained the injuries in the course of and arising out of his employment.

From the stipulated facts it is clear that the injuries did occur on the employer's premises but did not result from the performance of the plaintiff's duties in his employment.

In reaching a decision in this case it is necessary to review numerous Ohio cases which relate to the principle here involved. One of the leading cases is that of *Industrial Commission* v. *Ahern*, 119 Ohio St., 41. In that case the plaintiff, a saleslady in the shoe department, slipped and fell while purchasing a rug in the employer's rug department. A rule of the employer permitted personnel to make purchases in other departments of the store at a discount and on company time. The Supreme Court reversed the Court of Appeals and rendered judgment against the plaintiff claimant. The Syllabus of that case reads as follows:

"1. No custom, rule or regulation, adopted by an employer, will be permitted to place an employee in his employment, if no employment in fact existed at the time of the injury, or if such custom, rule or regulation materially changes the ordinary and commonly accepted meaning of the phrase "in the course of employment.""

"2. Under Section 35, Article II of our Constitution, and the law enacted pursuant thereto, the phrase, 'in the course of employment,' connotes an injury sustained in the performance of some required duty done directly or incidentally in the service of the employer.

"3. An employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law."

The Court on Page 46 of that opinion further stated:

"At the time of her injury the defendant in error was not acting for her employer, nor engaged in its service; she was exercising a personal privilege which in no wise fell within the employment for which she had been engaged; she was seeking a personal benefit, and at the time of her injury occupied the relation of a customer to her employer, and not the relation of an employee; she was not under her employer's control. Had she exercised the privilege of going elsewhere to buy this rug, it could scarcely be maintained that her employer would be liable. The privilege which she did exercise was not required under the terms of her contract, but was purely personal, and its exercise was not incidental to the performance of any required duty. An employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law."

In the case of *Ashbrook* v. *Industrial Commission*, 136 Ohio St., 115, the court held as follows:

"Under the Workmen's Compensation Law, an injury is sustained in the course of employment when it occurs while the workman is engaged in the performance of the duty he is employed to perform. It arises out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury.

"Where an employee, following the completion of his shift of work, leaves his place of employment in his own automobile and travels over a route and to a destination of his own selec-

tion for purposes determined by himself and, while so doing, is injured as a result of a collision with a streetcar, the fact that, without the authority, direction or knowledge of his employer, he contemplated the purchase of necessary batteries for his own flashlight used in the work upon which he was employed, does not warrant a finding that his injury was sustained in the course of and arose out of his employment."

In the case of *Eagle* v. *Industrial Commission*, 146 Ohio St., Page 1, the claimant, a department store employee, was on her way back to the store from a business call when she paused enroute to take her lunch in order to save time. The Supreme Court in holding against the claimant stated at pages 2 and 3

"There is nothing in the record to indicate that the taking of her lunch was *any part of her duties*. Therefore, when 'she paused enroute to take her lunch' she departed from her employer's service for a reason personal to herself and not within the scope of her employment." (Emphasis added.)

"It is the contention of appellee 'that an employee who breaks his working day with a lunch period is still engaged in the course of his employment. We believe this to be a general rule of law supported by cases hereinafter referred to. The foundation for this rule is the common sense fact that it is as much to the employer's benefit as to the employee's, to have the employee in good physical condition and able to work at his best.'

"If such reasoning be good then it would be equally tenable that sleep and recreation of an employee are also in the course of employment. Hence, if an employee fell out of bed and received an injury while getting needed sleep or broke his leg while getting needed *recreation*, such an injury would also be compensable." (Emphasis added.)

Another leading case is that of *Sebek* v. *Cleveland Graphite Bronze Co.*, 148 Ohio St., 693, where the claimant, a cafeteria employee, was injured during her lunch hour and while she was eating her meal which, under the terms of employment contract, was furnished free. The Supreme Court held that the claimant was in the course of her employment due to the fact that meals were furnished free under the employment con-

tract and therefore her eating of meals was incidental to her employment.

The court in that case at page 698 stated the following:

"A rule recognized, and often applied by this court, is that an employee to be entitled to compensation need not necessarily be engaged in the actual performance of work for his employer at the time of an injury. It is sufficient if he is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment."

The Supreme Court did overrule certain holdings of *Sebek* v. *Cleveland Graphite Company, supra,* in the case of *Johnson* v. *Industrial Commission,* 164 Ohio St., 297, wherein the syllabus of the *Sebek case* as to ptomaine poisoning being an injury within the meaning of the Workmen's Compensation Act was expressly overruled.

The case of *DeCamp* v. *Youngstown Railway Company,* 110 Ohio St., 376, is one wherein compensation was allowed where the injury occurred while the employee was riding on the employer's street car and as a part of his employment contract was furnished free tickets to ride to and from his work.

In contrast is the case of *Conrad* v. *Youghiogheny Coal Co.,* 117 Ohio St., 387, where the injury was held to be not in the course of and arising out of the employment, when this occurred while the employee was riding home on one of the employer's coal cars.

In the case of *Coston* v. *Carnegie Illinois Steel Co.,* 69 Ohio Law Abs., 375, compensation was denied to the claimant who was injured while eating a meal in a cafeteria located on the employer's premises but operated by an independent contractor, even though the cafeteria was provided for the benefit of the employees and the use thereof encouraged by the employer. In that case the meals were not furnished as part of the employment contract.

In the case of *Collier* v. *B. F. Goodrich Company,* 90 Ohio App., 181, compensation was denied to an employee who was injured while entering the employer's premises at a place other than the place of ingress provided by the employer even though it had been the practice of many of the employees for a period

of years to enter at the same place where the plaintiff was injured because this was a shorter route from the parking lot to the plant. The Court in that case at page 183 stated the following:

"A review of the Ohio cases discloses that recently the term 'zone of employment' is used as indicating an area near the place of employment where the hazards confronting the employee are greater than that which the nonemployee faces in his ordinary pursuits. If any employee is injured in such 'zone of employment,' the injured workman is permitted to participate in the compensation fund."

Another case relating to the principle here involved is that of *Kasari* v. *Industrial Commission of Ohio*, 125 Ohio St., 410, Syllabus 1 and 2 reading as follows:

"1. An employe, entering the premises of his employer to begin the discharge of the duties of his employment but who has not yet reached the place where his service is to be rendered, is discharging a duty to his employer which is a necessary incident to his day's work.

"2. Traversing the zone between the entrance of the employer's premises and the plant where an employe is employed, is one of the hazards of the employment."

There has also been cited in the plaintiff's brief the case of *Industrial Commission* v. *Henry*, 124 Ohio St., 616. In that case the claimant, a milk-wagon driver, was required to report for work at 2:00 A. M., and after arriving at the employer's premises it was his practice to give his order to the clerk, feed his horses, and while his order was being filled, to leave the employer's premises to eat his breakfast at a nearby restaurant. On his return and while traveling the most direct route back to the plant, and this being the only way of ingress to the plant, claimant was struck by a railroad train on a crossing immediately adjacent to the employer's premises. It is to be noted that in this case where compensation was allowed that this did occur during his employment and while the claimant was returning to the plant by the most direct route. It further appears that the custom having been accepted by the employer of the claimant going to breakfast after reporting to work and returning by the only route available, that he was subjected

to a hazard of his employment by being required to cross the railroad tracks where the injury occurred.

The *Henry decision, supra,* is limited as to its application in the case of *Industrial Commission* v. *Baker,* 127 Ohio St., 345, where the court stated the following:

"* * * the latter case was decided upon a record which disclosed that the hazard involved was immediately adjacent to the plant and that customarily, and with the consent of the employer, such hazard was encountered by the employes during the time of their *actual* employment. We adhere to that decision, but decline to extend the rule there applied beyond the situation disclosed by the record in that case." (Emphasis supplied.)

As to injuries occurring under similar circumstances there are two Court of Appeals decisions.

The Court of Appeals of Belmont County in the case of *Krovosucky* v. *Industrial Commission,* 74 Ohio App., 86, in the syllabus stated the following:

"Where an employee, while going to this place of employment to begin the discharge of his duties, parked his automobile on grounds separated from the entrance to his place of employment by a highway and railroad but owned by the employer who permitted, but exercised no control over such parking, and was injured by tripping over an icy rut in such grounds, when getting out of his car, was within the zone of employment at the time of injury and such injury occurred in the course of and arose out of his employment."

It is to be noted that in that case in which compensation was allowed that there was a hazard of the employment involved in that the injury occurred when the claimant tripped over an icy rut in the parking lot. That decision is primarily based on the fact that the cause of the injury was the existence of the icy rut on the lot rather than the fact that the claimant was within the zone of his employment.

In the case of *Taylor* v. *Industrial Commission of Ohio,* 13 Ohio App., 262, the Hamilton County Court P. O. held as follows:

"Where a workman does such things as are usually and reasonably incidental to the work of the employer, including

the taking of refreshments, rest and smoke, which are not forbidden by the employer, and in so doing is injured, it cannot be said as a matter of law that the injury was received outside the course of his employment."

In the case of *Cardwell* v. *Industrial Commission*, 155 Ohio *St.*, 466, the court in disallowing the claim where the claimant was injured when he was struck by a train at a railroad crossing on his way to the employer's premises cited in support of the disallowance the *Ahern, Ashbrook* and *Eagle decisions.*

There are numerous other decisions of the Court of Appeals upholding the principle of the *Ahern case*, to-wit: *Tipple* v. *High Street Hotel Company*, 70 Ohio App., 397; *Ryan* v. *Industrial Commission*, 34 Ohio Law Abs., 181; *Bremner* v. *Industrial Commission*, 63 Ohio App., 387.

From a review of the above decisions the Court is of the opinion that the facts herein do not indicate that the injury was received in the course of and arising out of employment. Although the practice of the claimant eating in the parking lot was condoned by the employer, that this was a matter of choice and not an absolute requirement as part of the employment contract. The fact that the injury herein occurred in the zone of employment does not in itself make this claim compensable in view of the cases referred to above.

There is an additional factor in this case which is a further reason that the claim is not compensable. The plaintiff herein decided to reach his car by jumping over the cable fence rather than using a sidewalk provided for that purpose. In doing so this constituted a material deviation from his employment rather than making it a hazard of that employment. There is no evidence indicating that the employer knew of or condoned the practice of employees jumping over the fence in order to reach their cars. As to the principle that injury occurring while one deviates from his employment, see *Georgejakakis* v. *Wheeling Steel Corp.*, 151 Ohio St., 458, *Highway Oil Co.* v. *State, ex rel. Bricker*, 130 Ohio St., 175. Both of these cases indicate that where an employe became subject to a danger created by himself to which the performance of his duties did not expose him, that any injury occurring during such deviation was not in the course of and arising out of employment.

The Court, therefore, is of the opinion that the appeal herein must be denied and the claim disallowed for the reasons heretofore stated as said injury did not occur in the course of and arising out of the employment.

Counsel for the defendant will prepare a journal entry consistent with the above ruling and enter a judgment for the defendant, and saving exceptions to the plaintiff.