480 So.2d 1117 (1985)
INGALLS SHIPBUILDING DIVISION, LITTON SYSTEMS, INC.
v.
DEPENDENTS OF Floye Oree SLOANE, Deceased.
No. 55173.
Supreme Court of Mississippi.
November 13, 1985.
Paul B. Howell, Franke, Rainey & Salloum, gulfport, for appellant.
Ransom P. Jones, III, Pascagoula, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
The dependents of Floye Oree Sloane filed a claim for compensation benefits for her death arising out of and in the scope of her employment at Ingalls Shipbuilding Division, Litton Systems, Inc. The Circuit of Jackson County affirmed a ruling by the Worker's Compensation Commission awarding compensation and finding Mr. Sloane a dependent; Ingalls appeals and raises the following issues:
(1) Was Mrs. Sloane in the course and scope of her employment when she was killed, and was the death causally related to decedent's employment?
(2) Is Mr. Sloane a dependent of Mrs. Sloane?
On July 14, 1981, the day of her death, Mrs. Floye Sloane was employed as a porter *1118 for Ingalls Shipyard on the 9:00 p.m. to 5:30 a.m. shift. She worked at the Employment Office Building located on the west side of the six-lane access road maintained by the Mississippi State Highway Department. This road, also known as the Litton access road, provides access to Ingalls Shipyard from Hwy. 90, which is north of the facility, and it is the only means of access to the facility. At least ninety (90) percent of Ingalls' approximate 4,000 employees coming to work utilize this road in the one (1) to one and one-half (1 1/2) hour period prior to the 7:00 a.m. shift. Floye Sloane rode back and forth to work each day with a co-employee, Betty Tanner, who worked as a porter at defendant's Administration Building. Mrs. Tanner testified that when she and Sloane arrived at work she would drive Sloane into the parking lot at Ingalls' Employment Office building and then proceed south to Ingalls Administration Building. At the conclusion of the work shift at 5:30 a.m., Mrs. Tanner would drive north on the access road from the Administration Building to the paved U-turn area of the access road and the entrance to the parking lot of Ingalls' Employment Office Building. Floye Sloane would walk across three southbound lanes of the access road and meet Mrs. Tanner on the east side of the north bound lanes. Mrs. Tanner testified the women followed this procedure because, due to the heavy traffic coming south into the shipyard at 5:30 a.m., it was impractical for her to attempt to cross the southbound lanes in her car. Sloane was crossing the southbound lanes of the access road to meet Mrs. Tanner when she was struck and killed by a southbound vehicle. At the exit from the employment office, Ingalls erected signs warning travelers of the "dangerous intersection".
Lewis Sloane, widower of the decedent, testified that for fifteen months prior to his wife's death he was one hundred (100) percent disabled as a result of mesothelioma  cancer caused by asbestos exposure , and that on the date of his wife's death, he was dependent on his wife's income.
Based on the Mississippi Supreme Court decision in the case of Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc., 416 So.2d 963 (Miss. 1982), the Commission found the administrative judge incorrectly denied benefits in this case and awarded to Lewis Sloane: reasonable funeral expenses not to exceed $1,000.00 death benefits in the amount of 35% of decedent's average weekly wage beginning July 14, 1981 continuing for a period not to exceed 450 weeks. The Court affirms the decision of the Jackson County Circuit Court to award such benefits.

I.
Was Mrs. Sloane in the course and scope of her employment when she was killed and was the death causally related to the decedent's employment?
In V. Dunn, Mississippi Workmen's Compensation (3rd ed. 1982), § 175 addresses accidents occurring while the employee is going or returning from work. Subject to certain possible exceptions, the general rule is that the hazards encountered by employees while going to or returning from their regular place of work or of the employer's premises are not incident to employment and accidents arising therefrom are not compensable.
Possible exceptions to the general rule include, but are not necessarily limited to, instances where it is found: (1) that the employer furnishes the transportation; or (2) that the employee performs some duty at home in connection with his employment; or (3) that the employee is injured by some hazard or danger inherent in the conditions along the route necessarily used; or (4) that the employer furnishes a hazardous route; or (5) that the injury results from a hazardous parking lot furnished by the employer; or (6) that the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises. If an exception is claimed, the burden of proof rests upon the employee to show that the *1119 exception applies in the particular circumstances of the case.
The basic theory of the decisions in this category is that the activity of going to and from work is personal to the employee and is beyond the control of the employer and is not a risk of employment, although the trip is necessary to employment and is, in some respects, related thereto.
Id.
Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc., supra, involved a claim arising from an accident at the same location as the case sub judice.
In Stepney, the claimant left the shipyard during lunch and was returning to the area. The claimant was driving south on the Litton access road when a vehicle pulled into the path of the vehicle driven by claimant. Claimant sustained severe injuries and filed a claim for workmen's compensation coverage. This Court awarded such compensation stating:
The following things are significant in the case at bar:
(1) The six-lane road or street was the only access and exit to the Ingalls west-bank shipyard and the situs of claimant's employment.
(2) Although the street was either maintained or owned by the county or state, it was used principally by employees of Ingalls and those person who had business with Ingalls.
(3) During changes of shifts and lunch breaks, thousands of Ingalls employees left and entered the plant by that sole access route, the six-lane street.
(4) The premises on each side of the access road were owned and used by Ingalls. In addition to a regulation red stop sign at the point where the collision occurred, Ingalls had erected another sign with the following words thereon: "Dangerous Intersection, Stop Look Both Ways Before Entering Road".
(5) Ingalls knew and recognized that the intersection of the access road and the road leading from the employment office constituted a hazard and the placement of the aforementioned sign at that point is an admission by it thereof.
(6) The appellant was exposed to a greater hazard than the general public for the reason that he worked regularly every week and was required to cross the dangerous intersection on his way to and from work each day.
416 So.2d at 966.
Although Ingalls cites several cases from several jurisdictions as authority for the proposition that the special hazards exception does not apply where there is a safer or alternate route to leave the work premises, Henderson's Portion Pak v. Cotera, 294 So.2d 309 (Fla. 1974); Smith v. Orleans Management Corp., 242 So.2d 288 (La. App. 1970); Collier v. B.F. Goodrich, 90 Ohio App. 181, 104 N.E.2d 600 (1950), Pulliam v. McDonnell Douglas, 558 S.W.2d 693 (Mo. 1977), the evidence presented at trial was not sufficient to show that Mrs. Sloane had a practical alternate route to avoid the inherent danger of the heavy southbound traffic. Since it is obvious that a causal relation existed between the work and the hazard, this Court concludes that the case is controlled by the Stepney case. Claimant's injury is controlled by the Stepney case. Claimant's injury is compensable under the Mississippi Worker's Compensation Act and Mrs. Sloane's dependents are entitled to compensation benefits.

II.
Is Mr. Sloane a dependent of Mrs. Sloane?
The condition of dependency is a fact determination to be made at the time of a claimant's death. Mr. Sloane testified at trial that at the time of his wife's death, he was totally disabled, suffering from mesothelioma  cancer from exposure to asbestos  and that his own worker's compensation claim for permanent disability benefits was subject to a motion to controvert by his employer. According to V. Dunn, Mississippi Workmen's Compensation, § 219 (3rd ed. 1982), total dependency is not required to qualify for benefits. See also, *1120 Miss. Code Ann. §§ 71-3-25, 71-3-3(o) (1972). Consequently, looking to the dependency status of Mr. Sloane upon Mrs. Sloane the day of her death, this Court finds Mr. Sloane to have been her dependent and affirms the decision to award him such benefits.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.