WALKER, Chief Justice,
for the Court:
This is an appeal from the Circuit Court of Holmes County, Mississippi evolving from a claim for workers’ compensation benefits.
On June 19,1973, Roosevelt Head, Jr., an employee of Lakeland Plantation, was involved in a motor vehicle collision. At the time of the accident Roosevelt Head was enroute to lunch in a pickup truck provided by Lakeland Plantation and. driven by Roosevelt Head, Sr., Roosevelt, Jr.’s father and a co-employee. Roosevelt Head, Jr. died as a result of the injuries he sustained in the collision.
At the time of Roosevelt’s death he was twelve (12) years of age. He had been employed by Lakeland Plantation for one and one-half (IV2) days.
In 1975 a motion to controvert was filed by the dependents of Roosevelt Head, Jr. (hereinafter referred to as claimants). Following hearing on the motion the administrative judge issued his order finding in pertinent part that “at the time of his death, Roosevelt Head, Jr. left surviving him no dependents within the meaning and intent of the Workers’ Compensation Act”. Following review by the full commission the administrative judge’s order was affirmed in part and amended in part. With regard to the issue pertinent to this appeal the full commission found that Roosevelt Head, Jr. did leave surviving him a dependent, Connie Head, his sister. The full commission’s order was affirmed on appeal by the Circuit Court of Holmes County. Aggrieved with the circuit court’s ruling the appellants, John Sawyer d/b/a Lakeland Plantation and Southern Farm Bureau Casualty Insurance Company have perfected an appeal to this Court assigning several assignments of error. As this cause requires reversal we address only that issue which disposes of the case on appeal,
The Circuit Court erred in upholding the Workers’ Compensation Commission’s decision that the Appellee was a “dependent” of Roosevelt Head, Jr., deceased.
Mississippi Code Annotated § 71-3-25(g) (1972) states “All questions of dependency shall be determined as of the time of the injury. A surviving wife, child, or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependence as the facts may warrant.”
The condition of dependency is a fact determination to be made at the time of the worker’s death. Ingalls Shipbuilding v. Dependents of Sloane, 480 So.2d 1117 (Miss.1985).
The term “dependent” must be liberally interpreted, and includes those partially dependent as well as those wholly dependent. One is dependent if he relies upon the employee in whole or in part for his support. The statute’s purpose is to provide the workman’s dependent with something in substitution for what has been lost by the workman’s death. Claimant must show that he had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing future support and maintenance is the principal criterion. Union Camp, Inc. v. Dependents of McCall, 426 So.2d 796 (Miss.1983) Mid-State Paving Company v. Farthing, 233 Miss. 333, 101 So.2d 850 (1958). In Dunn, Mississippi Workmen’s Compensation § 226 (2nd edition 1967; 3rd edition 1982) dependency is explained as follows:
In determining dependency, reference is to be had to the time of death and shortly prior thereto and it is the expéctation of future support as of the time of death, judged by the past, which controls.
As to the meaning of the support requirement in determining dependency, the claimant must have looked to and relied upon contributions from the employee, in whole or in part, as a means of maintenance in accordance with his accustomed mode of life. This has reference to living expenses, and the contributions must be substantial, as distinguished from minor or incidental gratuities.
*1201 However, if the test, above stated, is met by one claiming partial dependency, it is not material (1) that contributions are made or expected at irregular intervals, or (2) that the claimant was able to maintain himself, or (3) that claimant was possessed of some property, or (4) that claimant was supported in part by others or from other sources, or even (5) that the claimant had an income which exceeded that of the employee. The support requirement, moreover, does not mean that claimant must show that he will be destitute and without the bare necessities of life.
The administrative judge détermined that Roosevelt Head, Jr. left surviving him no dependents within the meaning and intent of the Workers’ Compensation Act. The full commission determined this finding was in error and held that Connie Head, sister to Roosevelt, was partially dependent on the deceased at the time of his death. The commission found that Roosevelt Head made regular contributions toward the support and maintenance of his sister, Connie. This finding was affirmed by the circuit court. This Court holds that the full commission and circuit court were in error as the evidence is insufficient to support a finding of dependency on the part of Connie Head. The holding of the commission and circuit court is hereby reversed and the order of the administrative judge holding that Roosevelt Head, Jr. left surviving him no dependents at the time of his death is reinstated.
The only evidence to substantiate a finding of dependency was the testimony of Roosevelt Head, Jr.’s aunt, Eddie Marie Head. During the school year, prior to Roosevelt’s death, he and his sister Connie lived with their aunt Eddie Marie in Tchula, Mississippi. The summer prior to the accident Roosevelt lived with his father, Roosevelt Head, Sr., and his stepmother, Gertude. Roosevelt’s mother, Alberta Head, and another sister, Roberta, lived in Chicago. At the time of the accident Connie was living in Chicago with her mother and sister. According to Eddie Marie, Roosevelt Head, Sr. provided for Connie’s support while she was living in Tchula, Mississippi during the 1972-73 school year.
Eddie Marie testified that Roosevelt Head, Jr. would give the money he earned to his father. However, she could not be specific with regard to the amount involved. According to Eddie Marie, Roosevelt, Sr. sent money he received from Roosevelt, Jr. to Chicago to help with Roberta and Connie Head’s upkeep. However, there is no evidence indicating that Roosevelt, Jr. knew that his father was sending any money to Chicago to help support his sister, nor is there any proof in the record that the money Roosevelt, Jr. gave to his father was actually used for Connie’s support or that Connie had any reasonable expectation of receiving future monies from Roosevelt, Jr. to be used toward her support and maintenance. The expectancy of support by Connie under these circumstances would be from her father, not Roosevelt, Jr.
The finding of the full commission and affirmance by the circuit court concerning the dependency of Connie Head is not supported by the evidence.
This cause is reversed and the September 29, 1981 order of the administrative judge is hereby reinstated.
REVERSED AND THE SEPTEMBER 29, 1981 ORDER OF THE ADMINISTRATIVE JUDGE IS HEREBY REINSTATED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.