MYERS, J.,
for the Court.
¶ 1. Melissa Dawn Gilmer Brown, Bobby Rashaud Brown, Roneshia Ariana Brown and Devonna Simone Gilmer appeal from an order of the Circuit Court of Scott County, Mississippi, in which the circuit court affirmed an order of the Workers’ Compensation Commission. Brown and the other appellants raise the following issue on appeal: Did the Workers’ Compensation Commission err in ruling that Melissa Dawn Gilmer Brown, Bobby Ra-shaud Brown, Roneshia Ariana Brown and Devonna Simone Gilmer were not dependents of Terry Glen Gilmer, deceased?
STATEMENT OF FACTS
¶ 2. The record reflects that on June 22, 1999, Terry Glen Gilmer died as a result of a motor vehicle accident. On December 16, 1999, Melissa Dawn Gilmer Brown, Bobby Rashuad Brown and Roneshia Aria-na Brown filed a petition to controvert which alleged that they were the sole death beneficiaries of Terry Gilmer. They also alleged that Terry Gilmer died as a result of a work-related injury. Nolen Sistrunk Trucking, Inc. (Nolen), Gilmer’s employer, answered the petition admitting the existence of a compensable work-related injury but denying the existence of death beneficiaries as defined by the Mississippi Workers’ Compensation Act. An amended petition to controvert was filed to include Devonna Simone Gilmer as an additional alleged death beneficiary.
¶ 3. A hearing before an administrative judge was held on October 24, 2001. The following pertinent stipulations were included in the administrative judge’s order:
1. This is a compensable death claim in which the decedent, Terry Glen Gilmer, wad [sic] injured in a motor vehicle accident while driving a company owned vehicle in the course and scope of his employment, and said injuries resulted in the death of Terry Glen Gilmer on June 22,1999.
*827 5. Terry Glen Gilmer was married to Shirley Mae Johnson based on the certified copy of the marriage license introduced into evidence as General Exhibit No. 2.
6. At the time of his death, Terry Glen Gilmer was divorced from Shirley Mae Johnson based on the certified copy of Judgment for Divorce introduced into evidence as General Exhibit No. 3.
7. Melissa Dawn Gilmer Brown is the natural child of Terry Glen Gilmer, deceased, based on the certified copy of the Birth Certificate of Melissa Dawn Gilmer introduced into evidence as General Exhibit No. 4.
8. Melissa Dawn Gilmer Brown was born on October 24,1972, making her 26 years old at the time of death of Terry Glen Gilmer.
9. Prior to the death of Terry Glen Gilmer, Melissa Dawn Gilmer Brown was married to Marvin Roeedriek Brown, and she was still married to Marvin Roeedriek Brown on June 22, 1999, the date of the death of Terry Glen Gilmer.
10. Devonna Simone Gilmer, Bobby Rashaud Brown, and Roneshia Ariana Brown are the natural children of Melissa Dawn Gilmer Brown, and therefore, [are] the natural grandchildren of Terry Glen Gilmer, deceased, based on the certified copies of their Birth Certificates introduced into Evidence as General Exhibits No. 8, No. 10, and No. 11, respectively.
¶ 4. Based on the evidence presented at the hearing, the administrative judge issued an order which stated, “There are no dependants of Terry Glen Gilmer to which benefits are due pursuant to the Mississippi Workers’ Compensation Act.” The alleged death beneficiaries requested a Commission review of the order of the -administrative judge. On August 5, 2002, the Commission affirmed the order of the administrative judge.
¶ 5. The alleged death beneficiaries appealed to the Circuit Court of Scott County, Mississippi, seeking a reversal of the order of the Commission and an award of death benefits. The Circuit Court found that “the Order of the Mississippi Workers’ Compensation Commission contains no error in finding of facts and properly applies the law thereto, and that same is supported by substantial evidence, and that said Order should be affirmed.” The alleged beneficiaries now appeal to this Court seeking review of the Commission’s order and an award of death benefits.
STANDARD OF REVIEW
¶ 6. Our standard of review in workers’ compensation cases is well-settled. The Commission is the ultimate finder of fact and this Court defers to the findings of the Commission when they are supported by substantial evidence. Tyson Foods, Inc. v. Thompson, 765 So.2d 589, 591(¶ 10) (Miss.Ct.App.2000). The circuit court acts as an intermediate court and must also defer to the findings of the Commission when supported by substantial evidence. Id. at 592(¶ 13). This Court will not overturn a Commission decision unless it is premised on an error of law or an unsupported finding of fact. J.R. Logging v. Halford, 765 So.2d 580, 584 (¶ 15) (Miss.Ct.App.2000).
LEGAL ANALYSIS
I. DID THE WORKERS’ COMPENSATION COMMISSION ERR IN RULING THAT MELISSA DAWN GILMER BROWN, BOBBY RASHAUD BROWN, RONESHIA ARIANA BROWN AND DEVONNA SIMONE GILMER WERE NOT DEPENDENTS OF TERRY GLEN GILMER, DECEASED?
¶ 7. In the analysis of the issue presented for our consideration, we will consider *828 the dependency of Melissa Brown separately from the dependency of her children.
1. Melissa Dawn Gilmer Brown
¶ 8. The Mississippi Workers’ Compensation Act states, “All questions of dependency shall be determined as of the time of the injury. A surviving spouse, child or children shall be presumed to be wholly dependent.” Miss.Code Ann. § 71-3-25(g) (Rev.2000). The parties stipulated that Melissa Brown was the natural child of Terry Gilmer. On the date of Gilmer’s death, Melissa Brown was twenty-six years old and was married to Marvin Brown. According to the Mississippi Workers’ Compensation Act, a child “does not include married children unless wholly dependent on him [the deceased].” Miss Code Ann. § 71-3-3(i) (Rev.2000). Also, the definition of “child” includes only persons who are under eighteen years of age or persons over eighteen who are wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability. Id.
¶ 9. Because of Melissa Brown’s age and marital status, an award of death benefits to her would not be proper unless Brown proved that she was wholly dependent on Terry Gilmer. Brown asserts that she was dependent on Gilmer due to her physical disability. Brown testified at the hearing before the administrative judge that she was involved in a motorcycle accident when she was twelve years old. As a result of the accident, Brown’s left leg was amputated. Brown testified that she relied on Gilmer for practically everything she needed financially. According to Brown, in the year preceding Gilmer’s death, he gave her between $250 and $400 per month in cash. Gilmer never instructed Brown on how to use the money nor did Gilmer ask for an explanation for how the money was spent unless Brown was given a large amount of money, such as $150, at one time.
¶ 10. Brown testified that she used the money from Gilmer to pay utility bills, purchase gas for her car and purchase clothes for herself and her children. Brown stated that she would pick up advance checks from Gilmer’s employer, No-len. Two of Nolen’s employees, the president and payroll clerk, corroborated that Brown would pick up Gilmer’s checks. They stated that the checks were always made out to Gilmer and that Brown only came by for the checks sporadically. The employees of Nolen could not recall the amounts of the checks. Brown testified that Gilmer gave her $200 towards the purchase of her car during the year preceding his death. Brown contributed $1000 towards the purchase.
¶ 11. Brown testified that her house note is paid monthly by her mother, Shirley Mae Johnson. She receives between $130 and $200 per month in food stamps and approximately $460 in Social Security benefits due to her leg. Brown stated that she was “allowed” to work but that she could only earn up to $65 per month and still receive her full SSI benefits. The employment records of Brown indicate that she worked at Silver Star Resort & Casino on two occasions as a hotel clerk and switchboard operator. She was fired twice for habitual absenteeism. Brown testified that the reason for her absenteeism was phantom pains she experiences due to her leg amputation. The personnel records of Silver Star indicate that Brown was absent due to sick children and personal sickness. No medical proof was presented regarding Brown’s medical condition or the phantom pains. Based on Brown’s 1999 W-2, she earned $4,247.61. Brown testified that she has a high school education and has taken college courses in *829 business administration and elementary education. She is certified in word processing.
¶ 12. Brown was the recipient of a $30,000 life insurance policy which Gilmer maintained through his employer. Brown stated that she was also a beneficiary under an annuity policy maintained by Gil-mer. Brown testified that Gilmer gave her half of his $4,200 federal income tax refund in 1998.
¶ 13. Marvin Brown, Melissa’s husband, testified that he was released from prison in January of 1998. Since that time, he worked as a mechanic and mowed yards, earning approximately $100 per week. Brown stated that he gave the money to his wife for family living expenses. Since Gilmer’s death, Marvin Brown started his own business where his wife assists him with keeping the books and watching over the business.
¶ 14. The fact that Brown received income from other sources does not automatically negate her claim of dependency. The principle of total dependency is consistent with receipt of other income, if it is sporadic and insubstantial. Ross v. Ross, 240 Miss. 84, 93, 126 So.2d 512, 515 (1961) (citing Aultman v. Crosby Chemicals, Inc., 222 Miss. 98, 75 So.2d 458 (1954)). But the claimant must still be dependent primarily upon the deceased employee. Id. In the case sub judice, Brown testified that during the year preceding her father’s death she received income from several other sources: her husband, her mother, SSI, food stamps and the Silver Star Casino. Given the myriad of income sources available to and utilized by Brown, we can hardly view the receipt of such income as sporadic or insubstantial. The Commission’s decision that Brown was not a dependent of Gilmer and therefore not entitled to an award of death benefits is supported by substantial evidence and must be affirmed.
2. Devonna Simone Gilmer, Bobby Ra-shaud Brown and Roneshia Ariana Brown
¶ 15. The parties stipulated that the three children of Melissa were grandchildren of Terry Gilmer. They all meet the statutory definition of “grandchild” as defined by the Mississippi Workers’ Compensation Act. See Miss.Code Ann. § 71-3-3(Z) (Rev.2000). According to statute, the dependency of grandchildren is not presumed. It must be “considered on the basis of total or partial dependence as the facts may warrant.” Miss.Code Ann. § 71-3-25(g) (Rev.2000). One is a dependent of the deceased employee if “he relies upon the employee in whole or in part for support.” Sawyer v. Dependents of Head, 505 So.2d 1199, 1200 (Miss.1987). Melissa Brown testified that her father gave her various amounts of money in cash, ranging from $250 to $400 a month. She stated that, while Gilmer never instructed her on how to use the money, she used the money to support herself and her children. Gilmer never gave money to the grandchildren directly nor to Brown for the needs of a specific grandchild.
¶ 16. Melissa Brown argues that the fact that Bobby Brown and Roneshia Brown were listed as dependents on Terry Gilmer’s 1998 and 1999 federal tax returns is strong evidence of their dependency on Gilmer. The 1999 return was prepared subsequent to Terry Gilmer’s death and Brown testified that Bobby and Roneshia were listed as dependents on Terry Gil-mer’s tax return as a result of an agreement between Gilmer and his daughter. In exchange for Bobby and Roneshia being listed as dependents, Gilmer would give Brown half of his refund. The record indicates that Devonna Gilmer, Melissa *830 Brown’s oldest child, was listed as a dependent on Shirley Mae Johnson’s tax returns.
¶ 17. The record indicates that Melissa Brown’s mother, Shirley Mae Johnson allowed Devonna to live with her on occasions. Devonna had a room at Ms. Johnson’s home and Ms. Johnson paid for De-vonna’s school supplies.
¶ 18. A claimant asserting dependency must show a reasonable ground to anticipate future support from the decedent. Sawyer, 505 So.2d at 1200. In Sawyer, the court did not allow the siblings of the decedent to receive death benefits because there was no showing of an expectation by the siblings of future support. Id. at 1201. At the time of his death, the decedent was twelve years old and living with his father and stepmother. The money he earned was given to his father and the father would send money to support the decedent’s sister. Id. As in Sawyer, there was no indication that Devonna, Bobby and Roneshia expected future support from their grandfather. If they expected support from anyone it more than likely would have been from their mother or grandmother. There was no indication in the record that the grandchildren knew Terry Gilmer was providing support to them, much less that they expected his support in the future. The Commission’s decision that Devonna, Bobby and Rones-hia were not dependents of Terry Gilmer and therefore were not entitled to death benefits is supported by substantial evidence and must be affirmed.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES, P.J., LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.