Jones, J.
 

 It is conceded that the injury occurred on the employer’s premises and during the time for which the employee was paid. It is also conceded that the employer permitted Ahern to go to any other department of the store for the purpose of purchasing articles for her own personal use at a discount from the general sales price, and that the employee at the time of her injury was exercising this privilege.
 

 "While other errors are urged here, especially one relating to the authorization of a judgment for more than $200 under Section 1465-89, General Code, the chief question urged, and dispositive of. the case, is: Does the evidence support the verdict finding that the plaintiff below was injured in the course of her employment?
 

 This question was raised, not only in the court’s general charge, but by the commission’s motion for
 
 *44
 
 a directed verdict at the close of the entire evidence. In its general charge the court stated to the jury that, if they found that the plaintiff during the time she received compensation from her employer ‘ ‘ and with the permission and consent and under the rules and regulations of the H. & S. Pogue Company, left her place in the shoe department for a time for purposes of her own, the continuing of her employment, in the course of her employment, is not impaired by such conduct or act upon her part,” and if she was injured while in the act, and with the consent and knowledge and under the rules of the H. & S. Pogue Company she was paid during this time, then they could consider all those circumstances in determining whether or not she was injured during the course of her employment.
 

 It is very manifest from the record that the court’s charge respecting the rules and regulations of the employer granting the privilege to its employees of going, before 10 o’clock a. m., to other departments for the purpose of purchasing articles for their personal use, was efficacious in procuring the verdict and the necessary finding in its support that the employee was within the course of her employment.
 

 The state insurance fund is established and maintained from contributions made by various employers in the state. The state is directly and the contributing employers are indirectly interested in the state insurance fund, and in its administration.
 

 An official of the employer testified that the rules and regulations granting to its employees the privilege of using a part of their time for purchasing articles for their personal use established a custom
 
 *45
 
 in their industry, which was “incidental to the employment of said employee.” No custom, rule, or regulation, adopted by an employer, will be permitted to place an employee in his employment, if no employment in fact existed at the time of the injury, or if such custom, rule, or regulation materially changes the ordinary and commonly accepted meaning of the phrase “in the course of employment. ”
 

 Under our statute the term “employee” is construed to mean a
 
 “person in the service”
 
 of an employer. Section 1465-61, General Code. Many cases arise, some of which have been reported by this court, in which acts of service occupy a twilight zone, where employees are given the benefits of the compensation law when their connection with the employment at the time of the injury was incidental and their service to the employer was indirect: and in such eases it has been the established rule of this court that our Workmen’s Compensation Law (Sec. tions 1465-37 to 1465-108, General Code) should be liberally construed in favor of the injured employee; but in any case the employee in order to recover compensation must be “in the service” of the employer.
 

 Under Section 35, Article II, of our Constitution, and the law enacted pursuant thereto, the phrase “in the course of * * * employment” connotes an injury sustained in the performance of some required act done directly or indirectly in the service of the employer. More than ten years ago this court decided that these provisions of our Constitution and law did not cover an injury disconnected with and caused outside of the employment.
 
 Fassig
 
 
 *46
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104, proposition 5 of the syllabus. In that case counsel for the employer argued that the law was unconstitutional since it permitted an award to be made when the injury did not arise out of the employment. That insistence was met by this court in its syllabus when it construed the provisions of our Constitution and laws as covering only injuries arising out of and connected with the employment.
 

 At the time of her injury the defendant in error' was not acting for her employer, nor engaged in its service: she was exercising a personal privilege which in no wise fell within the employment for which she had been engaged; she was seeking a personal benefit, and at the time of her injury occupied the relation of a customer to her employer, and not the relation of an employee; she was not under her employer’s control. Had she exercised the privilege of going elsewhere to buy this rug, it could scarcely be maintained that her employer would be liable. The privilege which she did exercise was not required under the terms of her contract, but was purely personal, and its exercise was not incidental to the performance of any required duty. An employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee’s private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen’s Compensation Law.
 

 The charge of the. trial court stressing the effect of the rules and regulations of the employer was misleading and erroneous. Furthermore, at the close of the case in the trial court, that court should
 
 *47
 
 have sustained the motion of the commission for judgment in its favor on the undisputed facts.
 

 The judgment of the Court of Appeals is reversed, and, proceeding to render the judgment which that court should have rendered, the judgment of the Court of Common Pleas is reversed and final judgment entered in favor of the plaintiff in error.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Kinkade, Robinson and Matthias, JJ., concur.
 

 Allen, J., concurs in propositions 2 and 3 of the syllabus and in the judgment.