Matthias, J.
 

 The sole question presented in this case is whether, under the facts disclosed by the record, the injuries for which claimant seeks compensation were sustained in the course of and arose out of his employment.
 

 It is clear that at the time of his injuries the claimant was not at the place where the only duties assigned him were to be performed, and it is equally clear that his injuries were caused by no hazard incident to the employment in which he was engaged. Claimant’s place of employment was under the Harvard avenue bridge in Cleveland, Ohio, where his employer, the Hunkin-Conkey Construction Company, was engaged in construction work. His duties were those' of a watchman and general service man and required the inspection and servicing of motor equipment consisting mainly of trucks and tractors in use by the three
 
 *117
 
 shifts of workmen employed on the construction job. His work included keeping motors supplied with gasoline, oil, water, etc., and possibly making necessary light repairs.
 

 The record discloses that the claimant left his place of employment about 8:30 in the evening, with the expectation of returning to the premises of the company to resume his employment at 11 o’clock that night. Claimant states that it was his intention to go first to a certain drug store to procure new batteries for his own flashlight, although it was the general practice of the company to furnish batteries for flashlights in use and there were then no batteries in stock. The claimant was driving his own automobile which, it does not appear, was at any time used in the performance of any duties assigned him by the company. His statement is that it was his intention, after pro-. curing the batteries, to drive in the opposite direction a distance of about five miles to a restaurant where he customarily procured his meals and then return to his room which was in the vicinity but beyond the drug store where he says he had expected to purchase batteries. It had been his expectation, so the claimant states, to go to his room and remain until 11 o’clock, when he was due at the place of his employment at the Harvard avenue bridge. His injury was caused by collision of his automobile with a streetcar on the Harvard avenue bridge as he turned in the direction of a drug store where he states he intended to purchase batteries.
 

 It thus appears clearly from the evidence that from the time the claimant left his place of work in his own automobile he had no designated or assigned duties to perform pursuant to his employment, until his return to the Harvard avenue bridge. In- the interval, he was not within the control or supervision of his employer, ■ nor was he acting under the authority or direction of anyone representing his employer. It has been settled
 
 *118
 
 in this state by repeated decisions of this court that compensation from the Workmen’s Compensation Fund is authorized only for an injury sustained by an employee in the performance of some act or in the discharge of some duty within the scope of his employment. It has been consistently held by this court that an award of compensation from that fund is dependent upon a causal connection between the injury sustained and the employment of the applicant either through the activities, the cpnditions or the environments of the employment in which the injured employee is engaged. Injuries to workmen sustained in the course of and arising out of their employment are regarded as a charge upon the business in which they are engaged. That is the very basis of the Workmen’s Compensation Law. However, the provision for compensation, from a fund created by assessments upon the industry itself contemplates only those hazards to be encountered by the employee in the discharge of the duties of his employment and, as has been held in numerous cases, does not embrace risks and hazards which are similarly encountered by the general public, such as those of travel to and from places of employment over streets and highways. The clear purpose of the Workmen’s Compensation Law is to provide protection for workmen from the risks and hazards incident to their employment and to assure compensation for injuries sustained as the result of such risks and hazards.
 

 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Industrial Commission
 
 v.
 
 Ahern,
 
 119 Ohio St., 41, 162 N. E., 272, 59 A. L. R., 367;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 181 N. E., 136;
 
 Industrial Commission
 
 v.
 
 Bateman,
 
 126 Ohio St., 279, 185 N. E., 50;
 
 Industrial Commission
 
 v.
 
 Baher,
 
 127 Ohio St., 345, 188 N. E., 560;
 
 Industrial Commission
 
 v.
 
 Bankes,
 
 127 Ohio St., 517,
 
 *119
 
 189 N. E., 437;
 
 Industrial Commission
 
 v.
 
 Gintert,
 
 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032;
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, 198 N. E., 276;
 
 McNicol’s Case,
 
 215 Mass., 497, 102 N. E., 697.
 

 In the case last cited, attention is directed to the statement of Chief Justice Rugg of the Supreme Judicial Court of Massachusetts. Its pertinence warrants its quotation here:
 

 “* * * In order that compensation may be due the injury must both arise out of and also be received in the course of the employment. Neither alone is enough.
 

 “It is not easy nor necessary to the determination of the case at bar to give a comprehensive definition of these words which shall accurately include all cases embraced within the act and with precision exclude those outside its terms. It is sufficient to say that an injury is received ‘in the course of’ the employment when it comes while the workman is doing the duty which he is employed to perform. It ‘arises out of’ the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises ‘out of’ the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent
 
 *120
 
 of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.”
 

 In the instant case the duties of the employee were definite and specific and were to be performed at a designated locality. The injury for which compensation is sought resulted from a collision of his own private automobile with a streetcar while he was on a journey primarily for his own purposes and not under the supervision, authority or direction of his employer. The only possibility of a causal connection between the claimant’s injury and his employment arises from his statement that it was his intention in the course of his trip in his automobile to procure batteries for his flashlight which thereafter would be used in the service of his employer, and that they were essential in his work.
 

 It does not appear, nor is it claimed, that the purpose of the claimant’s trip, or even his whereabouts, was known by his employer or anyone representing him. Indeed, the evidence is quite the contrary. The claimant was acting entirely upon his own volition. He states that his intention was to travel westward in his automobile to some place he says he had in mind to procure batteries for his own flashlight and then travel east four or five miles to procure his evening meal and then travel westward, returning over the same route, and about a half mile beyond the place where he says it had been his intention to procure the flashlight batteries, to his room to sleep before returning to his work. Surely the claimant cannot bring himself • within the scope of his employment by the mere subsequent announcement that at the time of the accident he had in his mind an intent and purpose to do some act or procure some article or instrument that
 
 *121
 
 would thereafter be used in the service and possibly for the benefit of his employer.
 

 It is urged that authority should be implied from the circumstances. The scope of employment cannot be thus expanded and liability accordingly extended. From the time the claimant left his work until his return to it there was apparently not only no control but there was no right of control of the action of the claimant by his employer. He had completed his shift of work and left the premises of the employer, was traveling in his own automobile upon a route and to a destination selected by himself for purposes determined by himself. No one would contend that under the circumstances shown by the record the employer would have been liable for injuries to a third party caused by the negligent conduct of such employee while on that trip in his automobile. It must be concluded, therefore, that the claimant was not within the scope of his employment when injured and that his injury did not arise out of his employment.
 

 It follows that the judgment of the Court of Appeals should be reversed and final judgment rendered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.