Hart, J.,
 

 dissenting. My interpretation of the contract of lease between Martin Firestone and the Cox Transportation Company is that the latter had con
 
 *407
 
 trol of the trailer while it was fit for service and was in the service of the company. When the trailer was out of repair, and for that reason out of service, it was under the sole jurisdiction and control of Firestone whose duty it was to have it repaired at his own expense. He was privileged to select the place where and the person by whom the repairs should be made.
 

 At the time he was injured he was moving his own trailer, out of commission so far as the work of transportation was concerned and incapable of earning compensation for him under his contract of employment. He selected his own method of moving his trailer and the route over which it was being moved, and it was completely under his control. In my opinion, he was not, at the time of his injury, in the course of his employment as an employee of the Cox Transportation Company, and consequently his death was not compensable under the law. In support of this view, I cite the case of
 
 Ashbrook
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 115, 24 N. E. (2d), 33, in which the applicable rule is tersely stated as follows:
 

 “Under the Workmen’s Compensation Law, an injury is sustained in the course of employment when it occurs while the workman is engaged in the performance of the duty he is employed to perform.”
 

 Weygandt, C. J., and Matthias, J., concur in the foregoing dissenting opinion.