KUEHR, APPELLEE, *v.* BOBBIE BROOKS, INC., ET AL.,
APPELLANTS

[Cite as Kuehr v. Bobbie Brooks, Inc. (1978),
57 Ohio App. 2d 72.]

(No. 36991—Decided April 13, 1978.)

*Mr. Thomas H. DeChant,* for appellee.
*Mr. Alan M. Rauss,* for appellants.

JACKSON, J. This appeal is taken from a decision of
the Common Pleas Court holding that the claimant is en-
titled to participate in the Workers' Compensation Fund.
The question before this court is whether the claimant sus-
tained injury as a result of an accident occurring within
or without the course of her employment by the defendant-
appellant. *See* Section 35, Article II, Ohio Constitution,
and R. C. 4123.54.

There is no material conflict as to the facts. The claim-
ant, Ilse M. Kuehr, was employed as an order filler for
Bobbie Brooks, Inc. The building in which the claimant
worked was one of a series of buildings operated by the
employer located in the East 40th-Kelley Avenue-Perkins
Avenue area of the city of Cleveland. It was the policy of
Bobbie Brooks to place goods for sale at the Kelley Avenue
outlet store and if not sold, reduce the price and hold them
for special sales at the Perkins warehouse. The

Perkins warehouse generally held returned, damaged, and excess goods. It was also the policy of the company to give first preference to employees by announcing special sales over the public address system and allowing them first opportunity to shop. The sales were later opened to the general public and were advertised by postcards or newspaper ads. The building in which the claimant worked was one block from the warehouse.

On December 6, 1973, an announcement was made to all employees that there would be a special sale after working hours in the warehouse. The claimant punched out her time card at 3:30 p. m., the end of her normal work day. Instead of meeting her friend and returning home as usual, she met her friend and they walked over to the warehouse, approximately a seven to ten minute walk. As the claimant was about to enter, she fell and sustained the injuries for which she seeks compensation.

Appellant contends that the case of *Industrial Commission* v. *Ahern* (1928), 119 Ohio St. 41, is controlling. In *Ahern* a department store employee left her floor at about 9:30 a. m. and went to the rug department on another floor to purchase a rug. Her employer granted the privilege to its employees of going to other departments before 10 a. m. in order to purchase articles for their personal use. In denying compensation, the Supreme Court of Ohio held that ''[a]n employee who is injured when engaged, not in the service of an employer, but in the pursuance of the employee's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law.'' *Industrial Commission* v. *Ahern, supra,* at paragraph three of the syllabus. The court also made it clear that no custom, rule, or regulation adopted by an employer, may be used to place the employee in the course of employment if he would not otherwise be.

The appellee, on the other hand, maintains that this case should not be controlled by *Ahern* in that it represents an antiquated approach to Workers' Compensation issues, but rather should be controlled by *Kohlmayer* v.

*Keller* (1970), 24 Ohio St. 2d 10. In that case the Supreme Court awarded compensation to an employee of a small business who broke his neck in diving off a pier at his employer's premises during a company picnic. The *Kohlmayer* court found that the injury was sustained in the course of employment, but in arriving at that conclusion relied on the fact that the picnic was sponsored, paid for and supervised by the employer for the singular purpose of generating friendly relations with its employees.[1]

The appellee's analysis has some superficial appeal insofar as each employee was injured while attending or on the way to an employer sponsored event. However, closer consideration reveals that the application of the decision to the case at bar is inappropriate.

Initially it should be noted that the primary purpose of the company picnic was to generate friendly relations with the employees. In fact, the jury answered a special interrogatory to that effect. In counterdistinction, the purpose of the sale in the case at bar was to sell clothing whether to employees or to the public. In other words, the efforts of the appellant were primarily related to its function as a retailer-wholesaler and not as an employer. No testimony at all was adduced to support the claim that the purpose of the sale was to improve employer-employee relations. The current director of retailing for the appellant testified that he did not know the reason for the reserved hour for employees and, indeed, the policy had since been changed so that there are no longer special hours for employees. Further, employees were not given a price discounted below that offered to the general public. Although improved employee relations *may* be one of the resultant effects of allowing employees to shop before the general

---

[1]"The employer sponsored, paid for and supervised the affair. He did this, not to provide a social gathering for his friends, but to provide his employees with an outing for the purpose of improving employee relations. The employer's involvement with the affair, which he gave primarily as a business function, created a substantial connection between the activity and the employment." *Kohlmayer* v. *Keller* (1970), 24 Ohio St. 2d 10, 12.

public, the record contains no evidence that the major purpose of the sale is anything but the sale of goods, whether to employees or to the public.

Second, the syllabus of *Kohlmayer* attests to the significance of the sponsorship, financing, and supervision by the employer of the activity during which the injury occured.[2] While the employer in the case at bar may be said to have sponsored and financed the sale, it had no control over the claimant's activity after she left her place of employment.

Third, we find it significant that in 1970 the *Kohlmayer* court had the distinct opportunity to overrule *Ahern,* but did not do so. Instead, the court stated that the requirement set forth in *Ahern,* that a compensable injury must be sustained in the performance of some required duty done directly or incidentally in the service of the employer, "must be read in the light of the particular facts" of that case. *Ahern* is thus distinguished from *Kohlmayer* by the fact that at the time of the *Ahern* injury "claimant was engaged in a purely personal pursuit or errand," whereas the *Kohlmayer* injury was sustained during an event entirely initiated, planned, and controlled by the employer.

Finally, the factual similarities between *Ahern* and the case at bar merit specific consideration: (1) neither employee was acting in the service of the employer at the time of the accident; (2) both were involved in personal pursuits; (3) neither was under the employer's control or supervision at the time of the accident; (4) the privilege granted by each employer existed for all employees of each company. If anything, the facts of *Ahern* are more compelling towards an award than those in the case at bar because the claimant in *Ahern* was injured during her working day and was being compensated by her employer at the time whereas the claimant in the instant case had already

---

[2]*But see Columbia Gas of Ohio* v. *Sommer* (1974), 44 Ohio App. 2d 69, which reaches a different conclusion and dismisses the requirement of supervision where an employee is injured in a basketball game, conducted after working hours, from which the employer derives a business related benefit.

completed her work day and was not receiving compensation.

Regarding the contention by appellant that *Ahern* represents an antiquated view of the Workers' Conpensation Law and that the act is to be liberally construed in favor of the claimant, we agree that a liberal construction of the act is well established in the law of Ohio. However, it is no less well established that compensable injuries must have occurred within the course of employment. As was stated in *Eagle* v. *Industrial Commission* (1945), 146 Ohio St. 1:

"The Workmen's Compensation Act is to be liberally construed in favor of claimant but to obtain an award there must be some evidence that the injury was sustained in the course of and arose out of the claimant's employment."

Furthermore, *Ahern* is a decision of the Ohio Suppreme Court and has never been overruled. Its continued vitality has been attested to by the very case upon which appellant relies. In any event, the decision as to whether *Ahern* should be overruled lies with the Supreme Court of Ohio and not this Court of Appeals.

Accordingly, we conclude that where an employee is injured while not in the service of the employer but in pursuit of personal business at her own option, and where the activity in which the employee is involved is not created primarily for the purpose of improving company relations, the injury is not compensable by Workers' Compensation.

Since the evidence adduced in the case at bar does not suggest any other conclusion but that the claimant was engaged in a purely personal pursuit, we must reverse the judgment of the trial court and render final judgment for the defendant.

*Judgment reversed.*

Day, C. J., and Pryatel, J., concur.