LEMMING, APPELLANT, *v.*
UNIVERSITY OF CINCINNATI
ET AL., APPELLEES.

(No. C-860621 — Decided
August 12, 1987.)

*Kondritzer, Gold & Frank Co., L.P.A.,* and *Edward Cohen,* for appellant.

*Beckman, Weil, Shepardson · & Faller* and *Barbara J. Howard,* for appellee University of Cincinnati.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Tyrone K. Yates,* for appellees Industrial Commission and James L. Mayfield.

BLACK, P.J. The single issue in this appeal is whether the accidental injury to plaintiff-appellant, Day Lemming, was compensable under R.C. Chapter 4123 (workers' compensation) as being received in the course of, and arising out of, her employment. R. C. 4123.01(C).[1] The Industrial Commission and the court of common pleas both held that the injury was not compensable. We disagree. The circumstances of the injury fall between several precedents, and the case should not be disposed of in a summary fashion. We have, therefore, *sua sponte* removed this appeal from the accelerated calendar.

In an appeal from the administrative denial of workers' compensation benefits under R.C. 4123.519, it is clear that the court procedure to determine the right of the claimant to participate in the fund is in effect a trial *de novo,* and that the claimant has the burden of establishing all elements of the claim, *Indus. Comm.* v. *Davis* (1928), 119 Ohio St. 221, 162 N.E. 796, by a preponderance of the evidence. *White Motor Corp.* v. *Moore* (1976), 48 Ohio St. 2d 156, 2 O.O. 3d 338, 357 N.E. 2d 1069.

The parties filed cross-motions for summary judgment which were consid-

---

[1] R.C. 4123.01(C) reads:
" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

ered by the trial court on the basis of brief "Agreed Stipulations of Fact" and two brief affidavits. We derive the following statement of facts from these three documents, there being (in our judgment) no genuine issue of any material fact.

Lemming was a full-time employee of the University of Cincinnati assigned as a telephone operator in the Financial Aid Office in Beecher Hall on the university's main Clifton campus. The injury occurred while she was on a "morning break." Her immediate supervisor, Earl Dowling, Director of Financial Aid, permitted all employees a morning break each day on paid time, and he had advised her that the length of each break was a matter of personal discretion. She was never told where she could or could not go during the morning breaks, and it was the regular practice of her co-workers to leave Beecher Hall or the university's main campus during their breaks.

The university had a written policy of work rules that prohibited the leaving of a work station or work area without informing the supervisor. Lemming, however, had never been informed of any of the work rules, and she left her work station, obviously, in accordance with her supervisor's statement about the length of the break and the regular practice of her co-workers.

On November 27, 1984, during a "scheduled morning break," Lemming left Beecher Hall and passed through a university garage at the College Conservatory of Music on the way to her car (which was apparently parked beyond the garage) "for the purpose of leaving the university campus during that break." The evidentiary documents in the record failed to establish that her purpose in leaving the campus was to perform a duty or service for the university, and we must therefore infer she was on her personal business, not the university's business.[2] As Lemming walked through the university garage, she was "struck by an automated traffic gate, causing her to suffer physical injuries."

There is no question that Lemming suffered an injury "accidental in character" under R.C. 4123.01(C), and contrary to the administrative and judicial rulings below, we hold it was received in the course of, and arising out of, her employment. The determinative factors, in our judgment, are that she was on a paid break, she was conducting herself within the permissive instructions and customs of her employer, and she was injured by a device under her employer's control while still on her employer's premises. She was clearly within the zone of her employment, even though not at her work station, because she was on the university's premises (the campus). The zone of employment has been extended beyond the employer's immediate premises in a number of situations, most of which involve parking lots over which the employer has some control, and it has also been extended to the public road providing access to the employer's premises. *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570. See, also, Young, Workmen's Compensation Law of Ohio (2 Ed. 1971) 80 *et seq.*, Section 5.7.

In *Kasari* v. *Indus. Comm.* (1932), 125 Ohio St. 410, 181 N.E. 809, an injury was held to be compensable when the pedestrian-employee was on the way to his work station and was struck

[2] The parties stated or suggested in their briefs and at oral argument that Lemming's purpose or intent was to go to her bank on a personal errand. We ignore these statements and suggestions because they are not substantiated by any of the three evidentiary documents in the record.

by an automobile at a point on a plant road approximately twenty-five feet inside the plant entrance. Paragraph two of the syllabus of *Kasari* reads:

"Traversing the zone between the entrance of the employer's premises and the plant where an employe is employed, is one of the hazards of the employment."

In *Taylor* v. *Indus. Comm.* (1920), 13 Ohio App. 262, 270, we held that an employee is within the course of his employment when he "does such things as are usually and reasonably incidental to the work of the employer, including the taking of refreshments, rest and smoke, which are not forbidden by the employer * * *." In that case, the employee's injury occurred when he stepped outside the company's shop on the company's premises to smoke during a regular but unpaid food break in the middle of his nighttime tour of duty. There is no indication that Taylor intended to leave the perimeter of the employer's premises, as did Lemming, but we do not believe that intention would become a determinative factor until after she actually passed beyond the perimeter of the campus. Up to that point, Lemming remained on premises controlled by her employer, and we note again that the automated traffic gate that caused the injury was also in her employer's control.

We reach our conclusion only after considering three cases cited by appellee University of Cincinnati to substantiate its position that Lemming's injury was not compensable. In *Indus. Comm.* v. *Ahern* (1928), 119 Ohio St. 41, 162 N.E. 272, a saleslady left her work station in the shoe department on the first floor of Pogue's store at 9:30 a.m., and went to the rug department on the fourth floor to buy a rug for herself, in accordance with a company custom allowing employees the privilege of going to other departments before 10:00 a.m. and purchasing merchandise at a discount. The rug "slipped from under her" causing injury. Her claim for compensation was denied. The case may be distinguished from the instant case because the Supreme Court relied on the nonexistence of an employment relationship at the time of injury, saying in paragraph one of the syllabus that "[n]o custom, rule or regulation, adopted by an employer, will be permitted to place an employee in his employment if no employment in fact existed at the time of the injury * * *." We believe the meaning of "course of employment" has been considerably altered since 1928, particularly by those cases that have allowed compensation to employees injured when they were not performing services for the employer in the strictest sense of that phrase. We refer to cases allowing compensation to employees while moving to and from their work stations within the zone of employment and while they are taking a meal or coffee break. In particular, we note *Kohlmayer* v. *Keller* (1970), 24 Ohio St. 2d 10, 53 O.O. 2d 6, 263 N.E. 2d 231, in which the employee was compensated for an injury received while attending a picnic sponsored, paid for and supervised by the employer for the purpose of generating friendly relations with the employees. In the second paragraph of the opinion, Judge Schneider stated that an injured employee need not be in the actual performance of his duties to be compensated; he then stated that *Ahern* and other cases "must be read in light of the particular facts of those cases."

In *Kuehr* v. *Bobbie Brooks, Inc.* (1978), 57 Ohio App. 2d 72, 11 O.O. 3d 53, 385 N.E. 2d 320, the employee was injured while entering a company warehouse other than her work site for the purpose of buying company excess or returned goods at a special sale for

employees, and she was denied compensation. However, she had "punched out her time card at 3:30 p.m., the end of her normal work day," a circumstance not present in the instant case.

*Ryan* v. *Indus. Comm.* (App. 1941), 34 Ohio Law Abs. 181, 36 N.E. 2d 483, held that an injury was not compensable when it occurred as the employee slipped on an icy step at the entrance to the factory or shop while exiting the building during a mid-morning break for the purpose of buying sandwiches and refreshments at a nearby restaurant. We believe this case was effectively if not expressly overruled by *Littlefield* v. *Pillsbury Co., supra,* in which the employee was compensated even though the injury occurred on a public highway when the automobile in which he was a passenger was struck in the rear as it was stopped waiting to make a left turn into the only means of ingress to and egress from the employer's plant.

The single assignment of error, in which it is stated that the trial court erred in granting the employer's motion for the summary judgment and in denying the employee's motion for summary judgment, has merit. We rule on the denial of the motion for summary judgment in this case because the denial was based on a stipulation and two affidavits that presented no genuine issue of material fact. Lemming being entitled to judgment as a matter of law, we enter judgment in her favor and remand this case to the court of common pleas for further proceedings pursuant to law.

*Judgment reversed*
*and cause remanded.*

UTZ, J., concurs.

DOAN, J., concurs in judgment only.

DOAN, J., concurring. I concur with my brothers only in the judgment rendered in this matter for the reason that the record fails to reveal any evidence that Lemming was on a mission of her own when she was injured. I do not believe that because the documentary evidence in the case *sub judice* failed to demonstrate that Lemming's purpose in leaving the campus was to perform a duty or service for her employer, we must infer that she was on her own personal business. On the contrary, I must conclude, based upon the state of the record, that she was engaged in activity which was related to her employment and authorized by her supervisor, thus expanding her zone of employment to encompass her injuries.

I wish to emphasize that had the record affirmatively demonstrated that Lemming was on a personal mission at the time she was injured, I believe her injuries would not be compensable under the workers' compensation laws. I find the *Littlefield* and *Kasari* cases to be distinguishable under the case *sub judice,* as I view those cases to stand for the proposition that injuries suffered by employees while using employer-provided or -directed ingress to and egress from the work place are compensable under the workers' compensation laws when an employee is engaged in the necessity of coming to the work place to perform work, or leaving the work place for food or sleep, where facilities for such are not provided on site by the employer.

The instant record contains no evidence to support the majority's inference that Lemming was proceeding to exit the employer's extensive grounds on a mission of her own. Therefore, I must infer that she was on her employer's business when she sustained her injuries and, consequently, her injuries are compensable under the workers' compensation laws.