DOLBY, Appellant,

v.

**GENERAL MOTORS CORPORATION et al., Appellees.**

[Cite as *Dolby v. General Motors Corp.* (1989), 62 Ohio App.3d 68].

Court of Appeals of Ohio,
Cuyahoga County.

No. 55689.

Decided March 20, 1989.

*Shapiro, Kendis & Assoc. Co., L.P.A.,* and *David G. Schmidt,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Robert Edelstein,* for appellant Administrator, Bureau of Workers' Compensation and Industrial Commission.

*Seeley, Savidge & Aussem* and *Thomas M. Carolin,* for appellee General Motors Corp.

---

*Per Curiam.*

The claimant-appellant, Richard Dolby, is appealing the trial court's granting of summary judgment in favor of the employer, General Motors Corporation, C–P–C Group, on Dolby's workers' compensation claim for injuries he allegedly sustained while on personal relief as an employee of General Motors.

On October 4, 1976, while on a relief break, the claimant tripped on a stairway over a conveyor, fell and injured his back. Dolby's claim was allowed by the district hearing officer in 1977. The Cleveland Regional Board of Review affirmed the allowance of the claim in an order dated March 7, 1978. The Industrial Commission of Ohio refused the employer's further appeal in an order dated January 23, 1987.

Pursuant to R.C. 4123.519, General Motors filed an appeal with the Cuyahoga County Court of Common Pleas. After deposing the claimant, General Motors moved for summary judgment. The trial court granted the motion in favor of the employer on April 6, 1988.

The claimant-appellant timely appealed and now brings one assignment of error:

"The trial court committed error prejudicial to the appellant-plaintiff in granting appellee-defendant's motion for summary judgment.

This assignment of error is well-taken.

On its motion for summary judgment, General Motors contended that, as a matter of law, Dolby's alleged injuries, sustained during a paid personal relief

break on company property were not compensable under Ohio's workers' compensation laws. See R.C. 4123.01(C). The employer contended that such injuries were not sustained in the course of or arising out of his employment. The trial court granted the employer's motion for summary judgment.

■ On appeal, the injured employee challenges the summary judgment, contending that where an employee is injured while on a personal relief break on company time and on company property, there is a genuine issue for determination by the factfinder as to whether such injury was sustained in the course of or arising out of employment. On the established and uncontroverted facts of this case, we agree.

An injury sustained by an employee is compensable under Ohio's Workers' Compensation Act only if it was "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C); R.C. 4123.54; *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 359, 401 N.E.2d 448, 449.

■ The key determination which must be made before an injured worker is entitled to participate in the Workers' Compensation Fund is "whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment." *Bralley, supra,* at 303, 15 O.O.3d at 360, 401 N.E.2d at 449.

In *Primiano v. Ohio Bell Tel. Co.* (Apr. 24, 1986), Cuyahoga App. No. 50495, unreported, 1986 WL 4962, this court addressed the availability of workers' compensation benefits for an injury sustained by an employee on a rest break. In *Primiano,* the claimant had been injured in a fall he sustained while on a rest break in a plaza area located in front of the building where he worked.

On the authority of *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus, this court of appeals reversed and remanded the trial court's granting of summary judgment in favor of the employee-claimant in *Primiano.* It was determined that where an employee is injured during a personal relief break from work, a genuine issue of material fact may exist as to the sufficiency of the "causal connection" between the employee's injury and his employment.

■ In determining the sufficiency of the "causal connection" between an employee's injury and his employment, the totality of circumstances must be considered, including (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured

employee's presence at the scene of the accident. *Lord v. Daugherty, supra,* at syllabus; *Primiano, supra.*

On the uncontroverted facts of the instant case, we find that under Ohio law, a genuine issue of material fact exists as to whether the claimant-appellant's injuries were sustained in the course of, and arising out of his employment. Accordingly, we now reverse and remand to the trial court for a factual determination of the sufficiency of the causal connection between the employee's injury and his employment, in view of the totality of circumstances, as set forth in *Lord v. Daugherty, supra,* at syllabus, and *Primiano, supra.*

*Judgment reversed
and cause remanded.*

JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.

KRUPANSKY, P.J., dissents.

KRUPANSKY, Presiding Judge, dissenting.

I respectfully dissent.

The test of whether an employee is entitled to workers' compensation is whether a causal connection existed between the injury and employment activities or conditions of employment. *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 360, 401 N.E.2d 448, 449; R.C. 4123.01(C). The claimant has the burden to produce evidence furnishing a reasonable basis for a claim. *Stevens v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198. If the evidence produced by the claimant furnishes a basis for a choice among different possibilities, he fails to sustain his burden. *Id.* See, also, *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 443, 20 O.O.3d 376, 377, 423 N.E.2d 96, 97. Claimant has failed to satisfy this initial burden. Accordingly, I would affirm the trial court's decision.

The majority correctly states the determination of a causal connection is based upon the totality of the circumstances, including proximity of the accident to the place of employment, the employer's degree of control over the accident site, and the benefit the employer received from the injured employee's presence at the accident site. *Id.* at syllabus.

The evidence indicates the accident *sub judice* occurred at the place of claimant's employment and the employer had control over the area of the accident, *viz.*, a stairwell in the factory in which claimant was employed. However, the evidence fails to establish any benefit received by the employer from the claimant's presence at the scene. The mere fact injury occurred

during employment is not sufficient to establish entitlement to an award. *Eggers v. Indus. Comm.* (1952), 157 Ohio St. 70, 47 O.O. 71, 104 N.E.2d 681.

Claimant's deposition testimony indicates defendant was on a contractually allowed break when he was injured. Claimant went to see a co-worker who was selling a boat to discuss the boat. Enroute to his co-worker, claimant tripped over a step in a stairwell at the factory, aggravating a pre-existing back injury. Claimant unpersuasively argues the break was for his employer's benefit because it had been part of a negotiated compensation package. No custom, rule or regulation adopted by an employer may be used to place an employee in the course of employment. *Kuehr v. Bobbie Brooks, Inc.* (1978), 57 Ohio App.2d 72, 73, 11 O.O.3d 53, 54, 385 N.E.2d 320, 321; *Indus. Comm. v. Ahern* (1928), 119 Ohio St. 41, 162 N.E. 272.

Claimant unpersuasively relies on *Kohlmayer v. Keller* (1970), 24 Ohio St.2d 10, 53 O.O.2d 6, 263 N.E.2d 231; however, the case *sub judice* is distinguishable in that claimant herein was engaged in a purely personal pursuit or errand when injured and not engaged in some duty required by his employer. The claimant must prove the injury occurred "in the course of and arising out of the employment." Claimant failed to prove the injury occurred "arising out of the employment." See *Keuhr, supra,* 57 Ohio App.2d at 75, 11 O.O.3d at 55, 385 N.E.2d at 322, discussing both *Ahern, supra* and *Kohlmayer, supra.*

Claimant has failed to establish he was engaged in a required duty and admits he was engaged in a personal pursuit. The evidence has not established any material issue of fact with respect to any benefit derived by the employer regarding claimant's presence at the accident site. Consequently, contrary to the conclusion reached by the majority, there are no material issues of fact, and the employer was entitled to a judgment as a matter of law.

Accordingly, I would affirm the decision of the trial court.