**PILAR, Appellee,**

v.

**OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellants.**

[Cite as *Pilar v. Ohio Bur. of Workers' Comp.* (1992), 82 Ohio App.3d 819.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 63063, 63075.

Decided Oct. 5, 1992.

*Gary M. Goldfarb,* for appellee.

*Lee Fisher,* Attorney General, and *Q. Albert Corsi,* Assistant Attorney General, for appellant Ohio Bureau of Workers' Compensation.

*Arter & Hadden, Michael J. Bertsch, William J. Stavole* and *Jason M. Gibbons,* for appellant Nova Machine Products.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local R. 25, the record from the Court of Common Pleas of Cuyahoga County, and the briefs of the parties.

Plaintiff-appellee, Joseph Pilar, appealed from the administrative disallowance of his workers' compensation claim against defendants-appellants, Nova Machine Products Corporation ("Nova") and the Ohio Bureau of Workers' Compensation ("bureau") pursuant to R.C. 4123.519. Cross-motions for summary judgment were filed on October 15, 1991. The trial court granted Pilar's motion and denied that of Nova and the bureau on December 10, 1991. Nova and the bureau timely appealed (case Nos. 63075 and 63063, respectively), said appeals being consolidated for record, briefing and disposition.

Nova and the bureau assign the following error for our review:

"The trial court erred in granting plaintiff's motion for summary judgment and in denying defendants' motion for summary judgment."

Pilar worked in Nova's shipping and receiving department. He claimed that he received a work-related injury while playing football on March 10, 1989. The game occurred during a 3:00 p.m. rest break on a cement parking lot adjacent to Nova's premises.

The granting of summary judgment is only appropriate if there is no genuine issue as to any material fact, and reasonable minds can come to but one conclusion which is adverse to the nonmoving party. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 201, 24 OBR 426, 428, 494 N.E.2d 1101, 1104; Civ.R. 56(C). An order granting summary judgment will, therefore, only be upheld where the record discloses no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law when construing the evidence most strongly in favor of the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273. In reviewing the granting of summary judgment, an appellate court must apply the same standard as the trial court. *Id.*

■ Pilar's injury, to be compensable, must have occurred "in the course of, and arising out of" his employment. R.C. 4123.01(C). The Supreme Court of Ohio in *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1274, recognizing the conjunctive nature of the formula, found the "in the course of" prong to relate to the time, place and circumstances of the injury and the "arising out of" prong as referring to a causal connection between the employment and the injury.

The court then articulated the following test to be used when determining a causal connection:

" 'Whether there is a sufficient "causal connection" between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.' " *Id.* at 277, 551 N.E.2d at 1274, quoting *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus.

■ This court has previously acknowledged that authorized breaks in employment activity for rest and relaxation may fall within a claimant's course of employment. See *Dolby v. Gen. Motors Corp.* (1989), 62 Ohio App.3d 68, 574 N.E.2d 570; *Primiano v. Ohio Bell Tel. Co.* (Apr. 24, 1986), Cuyahoga App. No. 50495, unreported, 1986 WL 4962. However, we noted that "where an employee is injured during a personal relief break from work, a genuine issue of material fact may exist as to the sufficiency of the 'causal connection' between the employee's injury and his employment." *Dolby, supra*, at 70, 574 N.E.2d at 572. Here, we likewise find that a genuine issue of material fact exists as to whether Pilar's injuries were sustained in the course of and arising out of his employment. We thus reverse and remand this action to the trial court for a factual determination of the existence of a causal connection between Pilar's injury and his employment by analyzing the totality of the circumstances as set forth in *Fisher, Dolby,* and *Primiano.*

*Judgment reversed and cause remanded.*

SPELLACY, P.J., HARPER and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.