Regardless whether claimant's injuries were sustained in the zone of employment, she nonetheless had to show that they arose in the course and scope of employment. Unchallenged evidence showed that claimant had been engaged in her own personal business at the time she fell. In Industrial Comm. v. Ahern (1928), 119 Ohio St. 41, Ahern worked in a department store and was permitted, while on company time, to shop for her personal benefit. She suffered an injury while shopping and had been denied workers' compensation benefits. The Ohio Supreme Court held that Ahern did not qualify for benefits because she was not engaged in the employer's service, but was seeking her own personal benefit. The third paragraph of the syllabus states:
 An employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law.
This law applies here. Claimant admitted that she clocked out while in the midst of her work shift and left the work premises for the sole purpose of doing her personal banking. That she happened to be within the zone of employment at the time she fell is immaterial to whether she had been engaged in the course and scope of her duties. This was not an employee entering or exiting the premises in the course and scope of employment. Her absence from the grounds was caused by her own personal business, completely unrelated to employment. Because the zone of employment rule only applies when the employee's presence within that zone is for purposes within the course and scope of employment, I would find the court did not err by granting summary judgment. For these reasons, I respectfully dissent.