OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from the Williams County Court of Common Pleas which dismissed appellant's worker's compensation appeal. For the reasons that follow, we affirm the decision of the common pleas court.
Gerri Carroll ("appellant") filed an application for worker's compensation which was denied at all levels. On September 18, 1998, appellant filed her notice of appeal in the common pleas court. In her notice of appeal, appellant stated that she received the Industrial Commission's order denying her appeal on June 18, 1998. However, appellant also stated in her notice of appeal that the Industrial Commission entered its ruling on July 13, 1998.
On October 19, 1998, appellant's employer, Flexible Personnel, Inc./Staffmark ("Staffmark"), filed a motion to dismiss for lack of subject matter jurisdiction. Staffmark asserted that R.C. 4123.512(A) requires a notice of appeal from an Industrial Commission's decision to be filed in the common pleas court within sixty days from the receipt of the order. Recognizing that appellant stated in her notice of appeal that she was notified of the commission's decision on June 18, 1998, but that the commission's order was dated July 13, 1998, Staffmark argued that appellant probably received the Industrial Commission's order onJuly 18, 1998. In either case, Staffmark argued that appellant's notice of appeal was filed late. Appellant failed to respond to this motion to dismiss.
On November 5, 1998, the common pleas court granted the motion to dismiss, and held:
 "This matter, having come before this Court on Defendant Flexible Personnel, Inc./Staffmark's Motion to Dismiss for lack of subject matter jurisdiction, is DISMISSED WITH PREJUDICE. The Court finds Defendant's Motion well taken and hereby GRANTS Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. * * *"
On November 10, 1998, appellant filed "PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S DISMISSAL FOR FOR [sic] LACK OF SUBJECT MATTER JURISDICTION WITH MEMORANDUM IN SUPPORT" of the November 5, 1998 dismissal. In her motion, appellant sought to have the common pleas court "reconsider its Dismissal for Lack of Subject Matter Jurisdiction and allow the case to proceed on its merits."
Appellant asserted in her motion that her delay in responding to Staffmark's motion to dismiss "was a result of extenuating circumstances at her counsel's firm," including, "the firm's loss of a lead attorney and another lead attorney's running for State Legislature." Appellant asserted that the firm's circumstances "made it impossible to reply sooner."
With respect to the merits of her motion for reconsideration, appellant asserted that the date she included in her notice of appeal was a clerical mistake. Attached to appellant's motion were affidavits of Theresa Wingard and Julie Wortketter. Wingard stated in her affidavit that she was the paralegal assigned to appellant's case and that she drafted the notice of appeal. Wingard further stated that "due to a clerical error the Notice of Appeal noted incorrectly that Plaintiff received the Industrial Commission's refusal of the appeal on June 18, 1998" and that "the actual date Plaintiff received the denial from the Industrial Commission is July 20, 1998." Additionally, Wortketter stated in her affidavit that she was a secretary at McCrory Associates Co., L.P.A., and that she received on July 20, 1998 a "Fact and Order of the Commission denying Gerri Carroll's appeal" and that she date-stamped the order with the date it was received. Attached to Wortketter's affidavit was a copy of the order from the commission. The order stated that it was mailed on July 17, 1998, but it was stamped by McCrory Clark, "Received July 20, 1998."
The common pleas court denied appellant's motion on November 17, 1998, and stated as follows:
 "On October 19, 1998, defendant filed its motion to dismiss for lack of subject matter jurisdiction. Pursuant to Local Rule 5.04(2), plaintiff had fourteen (14) days, to November 2, 1998, to respond to the motion. On November 5, 1998, plaintiff having filed no response, the Court considered the motion.
 "Notice that the Industrial Commission had refused plaintiff's appeal was mailed to plaintiff on July 17, 1998. The Court found that while plaintiff's notice of appeal indicated that she received the notice on June
18, 1998, the correct date was July 18, 1998. (Such a notice sent from Toledo on July 17, 1998, would likely be received in Napoleon on the next day.) Whereupon, the motion to dismiss was granted.
 "The Court further finds, that plaintiff's motion for reconsideration should be, and it hereby is, DENIED." (Emphasis in original.)
Appellant appealed the trial court's decision to this court on December 11, 1998. Appellant raises the following sole assignment of error:
 "ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT (PLAINTIFF) DID NOT FILE A TIMELY NOTICE OF APPEAL WHEN APPELLANT (PLAINTIFF) FILED HER NOTICE OF APPEAL WITHIN THE TIME PRESCRIBED BY R.C. 4123.512(A)."
Additionally, we note that in appellant's notice of appeal to this court, she states the following:
 "Notice is hereby given that Plaintiff, Gerri Carroll, hereby appeals to the Court of Appeals of Williams County Ohio, Sixth Appellate District, from a final appealable order in favor of Flexible Personnel, Inc., Staffmark, entered November 17, 1998, granting Defendant's Motion to Dismiss. * * *"
Initially, we note that there was no evidence supporting the trial court's assumption that because the decision was mailed on July 17, 1998, it would have been received on July 18, 1998. Unfortunately, however, after thoroughly reviewing the record and applicable law, we find that we lack jurisdiction to consider the merits of appellant's arguments.
Appellant states in her notice of appeal to this court that she is appealing the trial court's November 17, 1998 ordergranting defendant's motion to dismiss. However, we note that the November 17, 1998 decision was actually the denial of appellant's "motion for reconsideration," not the granting of appellees' motion to dismiss, which was entered on November 5, 1998. This is problematic for appellant because she did not file her notice of appeal in our court until December 11, 1998.
The Ohio Supreme Court has unequivocally held that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pittsv. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. See, also, VFW Post 1238 v. Ohio Liquor ControlComm. (1997), 78 Ohio St.3d 1482. As such, "all judgments or final orders from said motion are a nullity." Pitts at 381. BothPitts and VFW Post 1238 were administrative appeals in the trial court.[1] Nevertheless, in both cases, the Ohio Supreme Court held that a motion for reconsideration was not permitted in the trial court following a final appealable order.
Based on Pitts, we find that the trial court's November 17, 1998 ruling on appellant's motion for reconsideration is a nullity.[2] As such, appellant only could have appealed the November 5, 1998 decision; however, she failed to do so in a timely manner. See App.R. 4(A). Accordingly, appellant's appeal is dismissed because we lack jurisdiction to consider appellant's arguments. Costs assessed to appellant.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. JUDGE
James R. Sherck, J. JUDGE
Richard W. Knepper, J. JUDGE
CONCUR.
[1] We note that in VFW Post 1238 v. Liquor Control Comm.
(Sept. 22, 1997), Huron App. No. H-97-026, unreported, fn. 1, following the Ohio Supreme Court's decision, we criticized the Supreme Court for not permitting the trial court to entertain a motion for reconsideration when the trial court was acting in an appellate capacity. Nevertheless, the Ohio Supreme Court's ruling is binding.
Additionally, we note that an appeal from the administrative denial of worker's compensation benefits in effect provides for a trial de novo. Lemming v. Univ. of Cincinnati
(1987), 41 Ohio App.3d 194. See, also, Rhynehardt v. SearsLogistics Services (1995), 103 Ohio App.3d 327, 329. Hence, because the common pleas court acts less as an appellate court and more as a trial court, we agree that no motion for reconsideration should be available in such cases.
[2] Arguably, the correct motion would have been a Civ.R. 60(B); however, appellant never put her motion in those terms and there is no indication that the trial court treated it as such.